505 A.2d 410

Franklin J. Tranguch and Terry L. Yoder, t/a Tranguch & Yoder, Appellants *v.* Zoning Hearing Board of the Borough of Emmaus, Lehigh County, Pennsylvania, Appellee.

Argued February 3, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Joseph A. Fitzpatrick, Jr.,* with him, *Judith A. Dexter,* for appellants.

*John W. Ashley,* with him, *Charles J. Fonzone,* for appellee.

OPINION BY JUDGE ROGERS, March 4, 1986:

Franklin J. Tranguch and Terry L. Yoder (appellants), trading as Tranguch & Yoder, have appealed from an order of the Court of Common Pleas of Lehigh County affirming the decision of the Zoning Hearing Board of the Borough of Emmaus (board) that denied the appellants' application for a variance to construct apartment buildings in an R-L Low Density Residential District.

The appellants are the equitable owners of a 7.6 acre tract by an agreement of sale with the present owner. They want to construct seven low-rise apartment buildings containing 108 units in an R-L Low Density Residential District. Low-rise apartment buildings are not a permitted use in this district in which the following are permitted uses: single family detached dwellings; two-family dwellings; planned residential developments (containing a minimum of ten acres); public parks and playgrounds; and the growing of fruits, vegetables, flowers, trees, and shrubs not for sale. Section 501 of the Emmaus Zoning Ordinance (ordinance).

Pursuant to Article 1300 of the ordinance, the appellants submitted a site plan to the Emmaus Planning Commission, which found the appellants' pro-

posal acceptable subject to the board granting a use variance and a density variance.[1]

The board held a hearing at which testimony was presented on behalf of the appellants. Neighboring property owners testified that they opposed the appellants' application. Upon the completion of testimony, the board unanimously rejected the appellants' request for a use variance.

Where the court of common pleas received no additional evidence, our scope of review is that of whether the board committed a manifest abuse of discretion or an error of law. *Rees v. Zoning Hearing Board of Indiana Township*, 2 Pa. Commonwealth Ct. 551, 279 A.2d 354 (1971). The board, however, made no findings of fact but issued a written decision in a letter dated September 5, 1984. The letter reads as follows:

At the meeting of the Zoning Hearing Board held August 28, 1984, your appeal of Application No. 8771 to construct low-rise apartment buildings at 1388 Penna. Avenue was reviewed.

ORDER: The Board unanimously denied the non-conforming land use because it felt that the proposal was asking too much for an R-L District. It was also felt that the land area could be used as permitted uses in a low-density district. Therefore, no hardship was proven. Many objectors were presented.

Very truly yours,
/s/ Carl E. Wieder
Chairman

Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805,

---

[1] Since the board denied the use variance, it did not discuss the density variance.

*as amended,* 53 P.S. §10908(9),[2] and case law require that the board issue an opinion which sets forth the essential findings of fact and sufficient of the board's reasoning to show that the board's action was reasoned rather than arbitrary. *Lindquist Appeal,* 364 Pa. 561, 73 A.2d 378 (1950).

Based on the present state of the record, we cannot properly review the board's decision. Although the record contains the testimony, presented to the board, it does not include the exhibits referred to by the witnesses at the hearing. In any event, we are unable to determine from the board's order on what basis the board made its decision. Accordingly, we reverse the trial court's order and remand to the trial court with direction to remand to the board to render a written decision "accompanied by findings of fact and conclusions based thereon together with the reasons therefor." Section 908(9) of the MPC.

## ORDER

AND Now, this 4th day of March, 1986, the order of the Court of Common Pleas of Lehigh County is reversed; the record is remanded to the trial court with direction to remand to the board to make findings of fact and conclusions of law together with the reasons therefor in support of its decision. Jurisdiction is relinquished.

---

[2] Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), pertinently provides as follows:

§10908. Hearings

The board shall conduct hearings and make decisions in accordance with the following requirements:

(9) The board . . . shall render a written decision or, where no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor.