873 A.2d 807 (2005)
Lee TALIAFERRO, Betty A. Taliaferro, Lloyd Mathis, Lisa Harris, Lloyd Hardy, Richard Hill, Helen Keith, Shirley Downes, Betty Stinson, John Henson, Patricia Batts, Eleanor Logan, Estelle Izzard, Marilyn Maxwell, Raymond Brown, Janice Brown, Tamara Taliaferro, Ramona Petty, Raymond Petty, Darnell McClendon, Mary Ruffin, Reverend Doctor Robert Barnes, Geraldine Moore, Lessie Coklay, Francis J. Coklay, Sr., Reverend Ruth Waters, Reverend Lulu Turner and Samuel C. Alexander, Appellants
v.
DARBY TOWNSHIP ZONING HEARING BOARD.
Commonwealth Court of Pennsylvania.
Submitted on Briefs January 14, 2005.
Decided April 13, 2005.
Rehearing Denied June 1, 2005.
*810 Robert J. Sugarman, Philadelphia, for appellants.
James J. Byrne and Kelly S. Sullivan, Media, for appellee, Darby Township Zoning Board.
Lee J. Janiczek, Philadelphia, for appellee, Maureen Healey.
BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and SIMPSON, Judge.
Rehearing En Banc Denied June 1, 2005.
OPINION BY Judge SIMPSON.
Lee Taliaferro and other neighboring residents (collectively, Objectors) appeal an order of the Court of Common Pleas of Delaware County (trial court) granting a variance to operate a commercial self-storage facility. Because the Board's findings are supported by substantial evidence, and its determination that Applicant satisfied the criteria necessary to obtain a variance is in accordance with applicable law, we affirm.
Maureen Healey (Applicant) is the equitable owner of a 9.68-acre parcel (Subject Property) located at the intersection of Hook Road and Burton Avenue in Darby Township. The Subject Property is zoned RA Residential and RC Residential. Applicant applied for a variance to construct a commercial self-storage facility on the Subject Property. After two hearings, the Darby Township Zoning Hearing Board (Board) granted the variance. Objectors appealed to the trial court.
Following the appeal, the trial court remanded, instructing the Board to receive additional evidence as to Applicant's identity and standing, and as to hardship. The trial court also instructed the Board to receive any expert evidence presented by Objectors, and any responsive evidence presented by Applicant.
On remand, the Board held seven additional hearings. Thereafter, the Board issued a supplemental opinion reaffirming its grant of the variance. In support, the Board made the following findings. Despite its zoning classification, residential use of the Subject Property ceased around 1960 when existing residential structures were demolished. Since that time, the Subject Property remained idle. Although residential plans were proposed for the Subject Property in 1991 and 1998, neither plan was implemented.
Applicant's proposed facility consists of 16 structures with a total of 132,975 square feet of storage space. As part of her proposal, Applicant intends to provide landscaped buffers along the east and west property lines, a chain link fence around the entire property and security cameras throughout the facility. In addition, Applicant proposes digital coding access to the facility through which customers could access the facility between only 7:00 a.m. and 7:00 p.m.
The Board determined the Subject Property lies in a primarily commercial area and is adjacent to Hook Road, a major four-lane highway. The Board *811 found the proposal would create a minimal increase in traffic, and would not adversely impact the community. The Board determined the Subject Property remained undeveloped due to its unique physical characteristics and the applicable zoning restrictions. Additionally, the Board found development for residential purposes is impractical. The Board expressly rejected the testimony of Objectors' experts that the Subject Property could be used for residential purposes. The Board determined Applicant met her burden of establishing the criteria to obtain the variance, concluding Applicant presented "unrefuted, credible evidence in support of her application." Bd. Supp. Op., Concl. of Law No. 2. Objectors appealed, and the trial court affirmed. This appeal followed.[1]
On appeal, Objectors argue the Board erred in: (i) determining Applicant satisfied the criteria necessary to obtain a variance; (ii) capriciously disregarding the testimony of their witnesses in determining the grant of the variance was appropriate; and (iii) acting in an arbitrary manner by failing to cite specific evidence for its findings.
Initially, we note, this Court may not substitute its interpretation of the evidence for that of the zoning hearing board. Vanguard Cellular Sys., Inc. v. Zoning Hearing Bd. of Smithfield Township, 130 Pa.Cmwlth. 371, 568 A.2d 703 (1989). It is the function of a zoning hearing board to weigh the evidence before it. Spargo v. Zoning Hearing Bd. of the Municipality of Bethel Park, 128 Pa.Cmwlth. 193, 563 A.2d 213 (1989). The board is the sole judge of the credibility of witnesses and the weight afforded their testimony. Manayunk Neighborhood Council v. Zoning Bd. of Adjustment of the City of Phila., 815 A.2d 652 (Pa.Cmwlth.2002), appeal denied, 574 Pa. 777, 833 A.2d 145 (2003). Assuming the record contains substantial evidence, we are bound by the board's findings that result from resolutions of credibility and conflicting testimony rather than a capricious disregard of evidence. Macioce v. Zoning Hearing Bd. of the Borough of Baldwin, 850 A.2d 882 (Pa. Cmwlth.), appeal denied, ___ Pa. ___, 863 A.2d 1150 (2004).
A zoning board is free to reject even uncontradicted testimony it finds lacking in credibility, including testimony offered by an expert witness. Nettleton v. Zoning Bd. of Adjustment of the City of Pittsburgh, 574 Pa. 45, 828 A.2d 1033 (2003); Graham v. Zoning Hearing Bd. of U. Allen Township, 520 Pa. 526, 555 A.2d 79 (1989). It does not abuse its discretion by choosing to believe the opinion of one expert over that offered by another. Berman v. Manchester Township Zoning Hearing Bd., 115 Pa.Cmwlth. 339, 540 A.2d 8 (1988).

I.
A zoning hearing board may grant a variance when the following criteria are met:
(1) an unnecessary hardship will result if the variance is denied, due to the unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use *812 of the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.
Ruddy v. Lower Southampton Township Zoning Hearing Bd., 669 A.2d 1051, 1053 (Pa.Cmwlth.1995). A variance applicant must show unnecessary hardship will result if a variance is denied and the proposed use will not be contrary to the public interest. Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh, 554 Pa. 249, 721 A.2d 43 (1998).
Objectors argue the Board erred in determining Applicant satisfied the criteria required to obtain a variance. Specifically, they assert Applicant did not prove the existence of unnecessary hardship, the lack of adverse community impact, or the variance sought is the minimum that would afford relief.

A. Hardship
Objectors first argue Applicant failed to prove unnecessary hardship. They assert that proof the Subject Property remained idle for a significant period, and Applicant's asserted economic hardship are insufficient to constitute unnecessary hardship. Objectors also contend the asserted hardship is not unique to the Subject Property.
To show unnecessary hardship an applicant must prove that either: (1) the physical features of the property are such that it cannot be used for a permitted purpose; or (2) the property can be conformed for a permitted use only at a prohibitive expense; or (3) the property is valueless for any purpose permitted by the zoning ordinance. SPC Co., Inc. v. Zoning Bd. of Adjustment of the City of Phila., 773 A.2d 209 (Pa.Cmwlth.2001). The applicant must show the hardship is unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district. Laurento v. Zoning Hearing Bd. of the Borough of West Chester, 162 Pa. Cmwlth. 226, 638 A.2d 437 (1994). Mere evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance. Id. Where a condition renders a property almost valueless without the grant of a variance, unnecessary hardship is established. Society Created to Reduce Urban Blight v. Zoning Bd. of Adjustment of the City of Phila., 787 A.2d 1123 (Pa.Cmwlth.2001); Laurento; Serban v. Zoning Hearing Bd. of Bethlehem, 84 Pa.Cmwlth. 558, 480 A.2d 362 (1984). Further, where zoning regulations prohibit any reasonable use of the property absent variance relief, the requisite hardship is proven. Ruddy.
Here, the Board correctly determined Applicant demonstrated the requisite hardship. In support of its determination, the Board found residential use of the Subject Property ceased in 1960 when existing residential structures were demolished. The Board determined the Subject Property remained idle since that time, noting two prior plans for residential development were submitted and withdrawn. Moreover, the Board determined residential use of the Subject Property is impractical. Specifically, the Board determined the Subject Property could not be developed based on applicable zoning restrictions and the property's unique physical characteristics.
The Board's findings are supported by the testimony of Applicant's expert witnesses. Applicant presented the testimony of Kenneth Peter Barrow, Jr., a real estate appraiser (Applicant's Appraiser). Applicant's Appraiser testified he was familiar with the Subject Property and the *813 surrounding community based on his involvement in a 1991 attempt to develop the Subject Property for residential use. Based on the Subject Property's location on a major highway, the high degree of nearby commercial development, and the values and age of neighboring properties, Applicant's Appraiser opined residential use of the Subject Property was impractical. In support, he testified that he performed a real estate feasibility study for the Subject Property that contemplated construction and financing costs for two possible residential developments. Applicant's Appraiser determined implementation of either residential plan would result in a net loss to Applicant. As a result, he opined the Subject Property could only be conformed for residential use at a prohibitive expense to Applicant. The Board accepted this testimony as credible.
In addition, Applicant presented testimony by Dave Damon, P.E. (Applicant's Engineer). Applicant's Engineer opined the costs associated with residential development would be prohibitive. He also testified the Subject Property's unusual grades, concerns about the adequacy of utilities and unreasonable development costs rendered the Subject Property impractical for residential use. The Board accepted Applicant's Engineer's testimony as credible.
Although Objectors presented expert testimony that Applicant could develop the Subject Property for residential use, the Board rejected this testimony on the grounds Objectors' experts lacked familiarity with the surrounding area and their opinions were speculative. The Board's decision to reject the testimony of Objectors' experts on credibility grounds is a matter within the Board's sole province. Manayunk Neighborhood Council; Berman. Because the Board's determination that Applicant established the existence of unnecessary hardship is supported by substantial evidence, we will not disturb it. Macioce.

B. Adverse Community Impact
Objectors also argue Applicant did not meet her burden of proving the grant of the variance will not alter the essential character of the community nor be detrimental to the public interest.
Responding to this assertion, the trial court stated:
[T]he Board found that the [S]ubject [P]roperty is located in an area that is primarily commercial in nature and that Hook Road, where the property is situated, is a heavily traveled four lane highway. Furthermore, the Board found credible and convincing expert testimony presented by [Applicant] to the effect that use of the [S]ubject [P]roperty for a commercial storage facility would have minimal impact upon traffic, utilities, the school district or the character of the community. Based upon this evidence, which the Board was free to accept, its conclusion that the granting of the variance would not alter the essential character of the neighborhood nor be detrimental to the public welfare was not an abuse of discretion.
Trial Court Slip Op. at 9. We agree with the trial court. Because the Board's determinations that the proposal would not alter the essential character of the neighborhood nor be detrimental to the community are supported by substantial evidence, R.R. at 75a-76a, 141a-142a, Objectors' assertion fails.[2]

*814 C. Minimum Variance
Additionally, Objectors assert Applicant failed to meet her burden of proving the requested variance is the minimum variance that would afford relief. They argue the minimum variance that would afford relief would be a variance to permit cluster residential development. Contrary to this argument, however, the Board specifically determined that, "[d]evelopment of the [S]ubject [P]roperty for residential purposes is impractical." Board Supp. Op. Finding of Fact No. 15. Based on this express finding, the Board rejected Objectors' contention that a variance to permit a higher density residential development is the minimum variance that could afford relief. Because this determination is supported by substantial evidence, R.R. at 141a; Supplemental Reproduced Record at 26b, it will not be disturbed. See Young v. Pistorio & Bensalem Zoning Hearing Bd., 715 A.2d 1230 (1998).

II.

A.
Relying on Leon E. Wintermyer Inc. v. Workers' Comp. Appeal Bd. (Marlowe), 571 Pa. 189, 812 A.2d 478 (2002), Objectors next contend the Board's findings and conclusions are so deficient this Court should employ the "capricious disregard" standard of review. They argue application of this standard is necessary here because the Board capriciously disregarded the testimony of their expert and lay witnesses.
Applicant responds the "capricious disregard" standard is inapplicable in zoning matters. Specifically, she argues the Wintermyer Court limited application of this standard to administrative agency appeals, and, because a zoning board is not an administrative agency, Wintermyer is inapplicable. Alternatively, Applicant asserts, even if the capricious disregard standard applies, the Board did not capriciously disregard the testimony of Objectors' witnesses, it merely rejected their testimony on credibility grounds.
A capricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence. Capasso v. Workers' Comp. Appeal Bd. (RACS Assocs., Inc.), 851 A.2d 997 (Pa.Cmwlth. 2004). Capricious disregard of evidence is a deliberate and baseless disregard of apparently reliable evidence. Id.
In Wintermyer, our Supreme Court granted allowance of appeal to consider "the application, in the administrative law setting, of what has been termed the capricious disregard standard of review." Id. at 191, 812 A.2d 478, 812 A.2d at 479. After an extensive review of the historical development of the capricious disregard standard in Pennsylvania jurisprudence, the Court stated:
Since an adjudication cannot be in accordance with law if it is not decided on the basis of law and facts properly adduced, we hold that review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court. As at common law, this review will generally assume a more visible role on consideration of *815 negative findings and conclusions. Even in such context, however, this limited aspect of the review serves only as one particular check to assure that the agency adjudication has been conducted within lawful boundaries  it is not to be applied in such a manner as would intrude upon the agency's fact-finding role and discretionary decision-making authority.

Wintermyer, 571 Pa. at 203-204, 812 A.2d at 487-488 (footnotes omitted) (emphasis added). Where substantial evidence supports an agency's findings, and the findings in turn support the conclusions, it should remain a rare instance where an appellate court disturbs an adjudication based on capricious disregard. Id.
Thus, the Supreme Court added the "capricious disregard" standard as a separate component of appellate consideration in reviewing administrative agency decisions. As recognized by the Wintermyer Court, the standard of review governing such adjudications is codified in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704 (reviewing court should affirm agency adjudication unless constitutional rights are violated, error of law is committed, or necessary findings are not supported by substantial evidence).
Notably, the language of Section 704 of the Administrative Agency Law is identical to the language set forth in Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b), which is applicable when reviewing adjudications by zoning hearing boards. See, e.g., Crown Communications v. Zoning Hearing Bd. of the Borough of Glenfield, 679 A.2d 271 (Pa.Cmwlth.1996), aff'd, 550 Pa. 266, 705 A.2d 427 (1997). Because the language of the statutes is identical, we see no reason to limit application of the "capricious disregard" standard to review of administrative agency decisions. Nor is there an obvious practical reason to countenance different standards of review for Commonwealth agencies and local agencies. See Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101 (definitions).
The Wintermyer Court did not limit its holding to review of Commonwealth agency adjudications, as opposed to adjudications by local agencies. Indeed, citing Gaudenzia v. Zoning Bd. of Adjustment of the City of Phila., 4 Pa.Cmwlth. 355, 287 A.2d 698 (1972), the Court specifically recognized "[f]or many years, the general standards governing appellate review in the administrative setting included a component of review for capricious disregard of evidence, in addition to the equally well established review for errors of law and manifest abuse of discretion." Wintermyer, 571 Pa. at 197-98, 812 A.2d at 483-84 (footnote omitted).
In addition, there is indirect authority supporting the conclusion that appellate review in zoning matters includes a review for capricious disregard of evidence. See, e.g., Macioce, 850 A.2d at 887 n. 9 (board's findings that are the result of resolutions of credibility and conflicting testimony "rather than a capricious disregard of evidence" are binding). See also Zoning Hearing Bd. of Sadsbury Township v. Bd. of Supervisors of Township, 804 A.2d 1274 (Pa.Cmwlth.2002). Therefore, we believe review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in zoning matters.
Nevertheless, application of the capricious disregard standard here does not warrant reversal. The Board's decision plainly demonstrates it did not deliberately ignore the testimony of Objectors' experts, as evidenced by its express summation of their testimony. See Bd. Supp. Op. at 4-7. Rather, the Board considered *816 their testimony, and chose to reject it. The express consideration and rejection of this evidence, by its definition, is not capricious disregard. Graham; Christopher v. Workers' Comp. Appeal Bd. (Consolidation Coal Co.), 793 A.2d 991 (Pa.Cmwlth. 2002).
Further, although the Board did not specifically mention the testimony of Objectors' lay witnesses, it was not required to do so. As noted by the trial court, "[w]hile the Board's [f]indings and [c]onclusions do not reference every item of testimony submitted during the numerous hearings before the Board ... there is no legal requirement that such be done. Instead the Board's ... opinion reference[s] the facts it deemed essential to making its determination of the application." Trial Court Slip Op. at 4. Our independent review of the record reveals the testimony of Objectors' lay witnesses concerning the proposal's impact on the community was speculative, and therefore not so material as to require specific discussion. Consequently, we agree with the trial court that the Board did not capriciously disregard Objectors' evidence.

B.
Objectors also argue the Board's findings are arbitrary because the Board failed to cite specific evidence in support of each finding.
Where an application for zoning relief is contested, the board's decision must be accompanied by findings of fact and conclusions, as well as the reasons for the findings. See Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10908(9).[3] "[T]he [MPC] mandates that the Board issue an opinion, as distinguished from its order or decision disposing of the matter, setting forth the essential findings of fact, conclusions of law, and sufficient rationale to demonstrate that its action was reasoned and not arbitrary." Allied Servs. for the Handicapped, Inc. v. Zoning & Hearing Board of the City of Scranton, 73 Pa.Cmwlth. 558, 459 A.2d 60, 61 (1983). See also Tranguch v. Zoning Hearing Bd. of Borough of Emmaus, 95 Pa.Cmwlth. 369, 505 A.2d 410 (1986). A zoning board's opinion is sufficient if it provides an adequate explanation of its resolution of the factual questions involved, and sets forth its reasoning in such a way as to show its decision was reasoned and not arbitrary. Borough of Youngsville v. Zoning Hearing Bd. of Borough of Youngsville, 69 Pa.Cmwlth. 282, 450 A.2d 1086 (1982).
Where a zoning board's decision is clear and substantially reflects application of the law governing variances the decision is sufficient to enable effective review. In re Avanzato, 44 Pa.Cmwlth. 77, 403 A.2d 198 (1979). Contrary to Objectors' assertions, there is no requirement that a zoning board cite specific evidence in support of each of its findings.
Here, the Board made specific findings and conclusions concerning the criteria required to grant the requested variance. In addition, the Board included a discussion in which it explained its rationale for resolving evidentiary conflicts and credibility issues. This situation is markedly different from the situation in Lando v. Springettsbury Township Zoning Board of Adjustment, 4 Pa.Cmwlth. 312, 286 A.2d 924 (1972) (zoning board failed to make findings of fact in support of its decision to deny a variance), upon which Objectors rely. As a result, we reject Objectors' argument that the Board's findings and conclusions are inadequate.
*817 Based on the foregoing, we affirm.[4]

ORDER
AND NOW, this 13th day of April, 2005, the order of the Court of Common Pleas of Delaware County is AFFIRMED.
NOTES
[1] Because the parties presented no additional evidence after the Board's decision, our review is limited to determining whether the Board committed an abuse of discretion or an error of law. Allegheny W. Civic Council, Inc. v. Zoning Bd. of Adjustment of the City of Pittsburgh, 547 Pa. 163, 689 A.2d 225 (1997).
[2] Objectors further contend the Board erred in finding the Subject Property lies in a "primarily commercial" area. See Bd. Supp. Op., Finding of Fact No. 14. We disagree. Objectors' own expert acknowledged the Subject Property is bordered by Hook Road, a heavily traveled four lane highway commonly used by "tractor-trailer type vehicles." R.R. at 99a. Moreover, based on photographs of the area surrounding the Subject Property, Applicant's Appraiser testified there are numerous commercial uses in proximity to the Subject Property, including a bar, a manufacturing facility and a commercial gasoline station. R.R. at 130-34a. This testimony, coupled with the photographs of the area (which were admitted into evidence), constitutes substantial evidence to support the challenged finding.
[3] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908(9).
[4] Objectors generally assert the Board exhibited hostility and bias toward them throughout the course of the hearings in this matter and, as a result, we should invalidate the Board's decision. The Court recognizes that due process requires a local governing body in the performance of its quasi-judicial functions to avoid even the appearance of bias or impropriety. Kuszyk v. Zoning Hearing Bd. of Amity Township, 834 A.2d 661 (Pa.Cmwlth. 2003). A showing of actual bias is unnecessary in order to assert a cognizable due process claim; the mere potential for bias may constitute a violation of that right. Id. Here, however, despite their general claims of bias, Objectors point to no specific instances of such conduct in the record. Therefore, we reject their argument.