# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Cohen, :
                Appellant :
                 :
            v. : No. 2284 C.D. 2014
             : SUBMITTED: June 12, 2015
Township of Montgomery :

**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE PATRICIA A. McCULLOUGH,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                **FILED: August 14, 2015**

      Marvin Cohen appeals *pro se* from an order of the Court of Common Pleas of Montgomery County denying his appeal and affirming the decision of the Zoning Hearing Board of the Township of Montgomery (ZHB) to deny his 2013 application for a variance on the ground that he was barred by *res judicata* from re-litigating a previous zoning appeal.[1] The ZHB erred in determining that *res judicata* applied and, accordingly, we vacate and remand this matter for consideration of the 2013 application for a variance on the merits.[2]

---

[1] In May 2015, the ZHB filed a notice of non-participation.

[2] Based on the determinative issue presented, our scope of review is limited to determining whether the ZHB committed an error of law. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 811 n.1 (Pa. Cmwlth. 2005). We exercise plenary review of such legal issues.

Situated in the residential development of Gwynmont Farms, zoned R-2 residential, and measuring 8223 square feet, the subject property is located at 131 Gwynmont Drive, North Wales, Montgomery Township, Pennsylvania. ZHB's January 7, 2014 Decision, Findings of Fact Nos. (F.F.) Nos. 1 and 3. Owned by Gwynmont Farms Utility Corporation, the lot "was approved [in 1992[3]] to be used to construct a package sewage treatment plant until such time as the township took over treatment of sewage from the development." *Id.*, F.F. No. 5. In December 2005, the Public Utility Commission ordered that the plant be dismantled. ZHB's August 11, 2009 Decision, F.F. No. 19.

In February 2009, the Township issued a cease and desist order regarding the residential use of the former control building by Cohen's son. According to Cohen, that building contains a small kitchen, living area, one bathroom, and one small bedroom. In response, the corporation via Cohen as sole shareholder[4] filed a 2009 zoning application seeking a special exception and a variance to use the undersized property for residential purposes. Pursuant to Chapter 230 of the Township of Montgomery Zoning Code, lots in an R-2 residential district must have an area of not less than 20,000 square feet in order to be used as single-family residences.[5] On the application, Cohen marked boxes indicating that the application related to use, the existing building, occupancy, lot area, and nonconforming use and dimensions. Further, he made the following key averment: "The subject property was created pursuant to an approved plan of

---

[3] ZHB's August 11, 2009 Decision, F.F. No. 18; Certified Record (C.R.), ZHB's Record, Exhibit 29.

[4] ZHB's January 7, 2014 Decision at 5.

[5] Article VI of the Code, R-2 Residential District, Section 230-31, use regulations, and Section 230-33(A), area, width and yard regulations; C.R., ZHB's Record, Exhibit 38 at 463-64.

2

subdivision and is a legally existing nonconforming lot. Further, residential use is permitted in the R-2 District." 2009 Zoning Application, Certified Record (C.R.), ZHB's Record, Exhibit 26. Accordingly, he maintained that he was entitled to a variance to use the nonconforming lot for residential purposes. The ZHB denied the 2009 zoning application and Cohen did not appeal.

Subsequently, the Township issued another cease and desist order, once again involving Cohen's son. In response, the corporation as owner, but this time with Cohen as an equitable owner, filed a 2013 zoning application seeking a variance to use the property for residential purposes. The ZHB found that the corporation still owned the property, but purportedly had entered into an agreement of sale with Cohen. ZHB's January 7, 2014 Decision, F.F. No. 2. In contrast to the 2009 application, Cohen marked a box indicating that the new application also related to proposed building. 2013 Zoning Application Attachment at 1, C.R., ZHB's Record, Exhibit 12; Reproduced Record (R.R.) at 6a. Specifically, he proposed keeping the control building, but adding a larger two-story addition and a garage. Further, he proposed using four of the twelve concrete holding tanks from the former plant for a basement and filling the remaining ones with clean fill and topsoil. In support of this subsequent application, he concluded:

> Having a [sic] occupied residence on the property similar to others[,] as shown on the plans and drawings[,] will increase property values in the neighborhood much more than having a vacant dismantled former waste water treatment plant with open concrete Tanks in the ground that could become dangerous, surrounded by a decaying rusting chain link barbwire fence, with no one around to take care of the property.

*Id*. at 3; R.R. at 8a.

3

In January 2014, the ZHB denied the 2013 application, determining that Cohen was barred by *res judicata* from re-litigating the previous zoning appeal. Common pleas affirmed and Cohen's appeal to this Court followed. The determinative issue is whether the ZHB erred as a matter of law in determining that *res judicata* applied.

In zoning cases, *res judicata* generally will be applied narrowly "because the need for flexibility outweighs the risk of repetitive litigation." *Callowhill Ctr. Assocs., LLC v. Zoning Bd. of Adjustment*, 2 A.3d 802, 809 (Pa. Cmwlth. 2010). It will, however, be applied to bar re-litigation of a request for a variance if four criteria are satisfied:

> (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the claim is made, and then, only if there are no substantial changes in circumstances relating to the land itself.

*Callowhill*, 2 A.3d at 809. We conclude that *res judicata* did not apply.

While it is true that Cohen in the 2013 application once again sought a variance to use the property as a residence, there was not an identity of the thing sued for and cause of action. In the 2009 application, he sought a special exception and a variance to use the existing structure as a residence. In the 2013 application, he sought a variance and included a proposal to add a garage and a two-story addition to the existing building. He also made proposals regarding the concrete holding tanks. Accordingly, the first two criteria for *res judicata* were not met.

In addition, notwithstanding Cohen's position as sole shareholder of the corporation, there was not an identity of the persons and parties to the action. The agreement of sale lists the corporation as seller and Cohen and Claudia Herman as buyers. August 2013 Agreement of Sale, C.R., ZHB's Record, Exhibit

4

13. It appears to be an arms-length agreement and, in any event, the ZHB permitted Cohen to proceed as one of the equitable owners. In pertinent part, it indicates that the purchase price is $100,000, that the buyer will pay the seller $50,000 forty-five days after a final zoning application is approved and that "[t]itle shall be conveyed subject to existing restrictions of record provided they do not interfere with Buyers['] use of the property as a single[-]family home." *Id.* at ¶ 4.1.

The next criterion for *res judicata* requires the identity of the quality in the persons for or against whom the claim is made, and then, only if there are no substantial changes in circumstances relating to the land itself. As noted above, there has been an essential change in the quality of the "person" against whom the claim is made. In addition, as suggested by the averments of the 2013 application, at least some substantial changes in the circumstances relating to the land itself have manifested in that the vestiges of the sewage plant, *i.e.*, the structure, the tanks and the fence, have continued to deteriorate over time. We conclude, therefore, that the 2013 zoning application was ripe for review and that *res judicata* did not apply.

In so concluding and in order to facilitate consideration on remand, we are compelled to address several concerns. The first is the significance that the Township affords the fact that there was nothing in its records or elsewhere to indicate that the lot was ever approved for use as a residence or would automatically revert to residential use after serving as a sewage plant. The fact that the lot was never approved for use as a residence was the point of the two zoning applications. In addition, the absence of evidence indicating some sort of

5

automatic reversion is not dispositive of the issue of whether a variance is warranted.[6]

Moreover, regarding the origin of the size of the lot, the township zoning officer testified that there was a note on the January 1987 recorded plan for phase 1 of the development indicating: "Lot Number 50 to be dedicated to Montgomery Township Municipal Authority and is reserved for location of proposed sewage treatment plot [sic]." December 3, 2013 Hearing, Notes of Testimony (N.T.) at 63. Further, he testified that the reason for the lot size, "based off the record, is for the sizing of the sewage treatment plant." *Id.* at 62. This is consistent with Cohen's testimony that the Township initially reserved an option to accept dedication of the plant and to operate it. *Id.* at 11. He testified as follows:

> During the subdivision process, at a meeting with the Township's Sewer Authority, the chairman, Mr. Humphrey, stated that 20,000 square feet was larger than they would want if they're going to maintain [and] . . . operate the plant. He drew a line across Lot 50 and instructed the developer to make Lot 50 smaller, as now indicated on the plan, and give the excess ground to the adjoining lot. The Board of [S]upervisors agreed. The engineer was instructed to do so, and on November 13th, 1986, he revised the final plan . . . .

---

[6] Section 910.2(a) of the Pennsylvania Municipalities Code, Act of July 31, 1968, P.L. 805, *added by* section 89 of the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10910.2(a), circumscribes the power of a zoning hearing board to grant a variance only to those circumstances where the landowner proves, where relevant, that a zoning restriction imposes an unnecessary hardship due to unique physical conditions on his property that are not self-created; that the requested variance is necessary to enable reasonable use of the property; that the grant of a variance will not alter the essential character of the neighborhood, nor substantially or permanently impair appropriate use or development of adjacent property, nor be detrimental to the public welfare; and that the requested variance represents the minimum variance that will afford relief and the least possible modification of the requirement. *Hunt v. Zoning Hearing Bd. of Conewago Twp.*, 61 A.2d 380, 384 n.7 (Pa. Cmwlth.), *appeal denied*, 72 A.3d 605 (Pa. 2013).

*Id.* When coupled with the testimony of the zoning officer, Cohen's above-quoted testimony is inconsistent with the Township's unsupported position in its appellate brief that "testimony established that [Cohen] created the Subject Property and specifically made the lot size smaller than the required 20,000 square feet in an R-2 zone [because he] wanted . . . more homes [to] be built on the land, to [his] profit." Township's Brief at 12. It is not for this Court, however, to assess the credibility of the witnesses or to weigh their testimony. In any event, regardless of how the lot became 8223 square feet, it is undisputed that the Township approved an undersized lot for a private sewage treatment plant, that the Public Utility Commission subsequently withdrew the plant's license to operate, and that the vestiges of that abandoned plant remain on a nonconforming lot located in an R-2 residential zone.

Finally, we are compelled to note that, contrary to the Township's position, Cohen raised and preserved allegations sounding in inverse condemnation.[7] In the 2013 zoning application, he alleged that, absent the requested relief, there was no reasonable use for the property. 2013 Zoning Application Attachment at 4, C.R., ZHB's Record, Exhibit 12; R.R. at 9a. Further, he averred that, "[t]o deny residential use of the property is like government taking the property without compensation to the owner." *Id.* He also made the following pertinent statements at the ZHB hearing:

> [W]hat we want to do is make it conform with the rest of the neighborhood, and the Township is saying, no, you can't make it conform, you have to keep your sewer plant.

---

[7] A landowner, however, need not prove an inverse condemnation in order to satisfy the criteria necessary for a variance. The relevant criterion provides that, absent the variance, he is denied reasonable use of his property.

> . . . .
> We have the property.  We have to do something with it. . . .  We don't have money just to do it.  We have to be able to borrow the money from the bank.  The bank won't lend any money unless used for residential purposes.

December 3, 2013 Hearing, N.T. at 103-04.  Further, in his appeal to common pleas, he reiterated that, if a residence is not permitted on the property, then the property cannot reasonably be used as zoned.  January 2014 Appeal to Common Pleas at 3; R.R. at 35a.  In this Court, he preserved the issue in both his October 2014 statement of errors at page three and in his brief at page twenty-five.

Accordingly, we vacate and remand this matter for consideration of the 2013 application on its merits based on the record developed before the ZHB.  After review of that record, it appears that the applicant was able to present any and all evidence that he wished to submit in support of the 2013 zoning application before resting his case.


_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Cohen,                          :
              Appellant      :
                         :
             v.             :   No. 2284 C.D. 2014
                         :
Township of Montgomery              :

# **O R D E R**

AND NOW, this 14th day of August, 2015, the order of the Court of Common Pleas of Montgomery County is vacated and the matter is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge