IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amerco Real Estate Company, : 
               Appellant : 
                : 
        v. : No. 913 C.D. 2022
                : Submitted: April 6, 2023
Center Township Board of Supervisors : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                    FILED: September 11, 2023

       Amerco Real Estate Company (Amerco) appeals from an order of the Court of Common Pleas of Beaver County (trial court), dated August 10, 2022, affirming a decision and order of the Center Township Board of Supervisors (the Board), which rejected Amerco's application for a curative amendment for site-specific relief. After careful review, we affirm.

## I. BACKGROUND[1]

       In 2018, Amerco, a real estate subsidiary of U-Haul, purchased the subject property located at 100 Beaver Mall Boulevard, Monaca, Pennsylvania, 15061. The subject property is located in a C-2 Commercial District as defined by the Center Township Zoning Ordinance ("the Ordinance"). *See* Center Twp., Beaver Cnty., Pa., Zoning Ordinance § 1100 (2018). The Ordinance requires conditional use approval for the operation of self-storage, and Amerco made its application.

---

[1] Unless otherwise specified, we base the recitation of facts on the Board's decisions of October 2, 2018, and December 30, 2021. *See* Bd. Dec., 10/2/18, at 1-3 (unpaginated); Bd. Dec., 12/30/21, at 1-3 (unpaginated).

Amerco proposed outfitting the on-site building with multiple storage units available for rent by the general public; staging of U-Haul vehicles and trailers in the parking area adjacent to the building, which would be available for rent; and a loading area located at the side of the building.

In October 2018, the Board approved the conditional use under Article XI, Section 1101(B)(1)(g) of the Ordinance, to operate a "mini-warehouse or self-storage building," subject to Section 1703.35, which "mandates that no storage take place outside of a completely enclosed building." *See* Bd. Dec., 12/30/21, at 1 (unpaginated). The general procedure of operations was that customers could drive up to and park at the loading area and could then enter the building to either retrieve or deposit items in the storage units.

In July 2021, Amerco submitted a second application for conditional use, seeking approval for drive-up self-storage on the property. *See* Trial Ct. Op., 8/10/22, at 2. Amerco later withdrew the application and instead requested that the Board amend its resolution to include drive-up self-storage on the Property. *See id.*

The Board voted not to amend the original conditional use approval and advised Amerco to submit a new conditional use application through the Center Township Planning Commission. Instead of doing so, Amerco's counsel submitted a challenge to the substantive validity of the Ordinance, arguing that the Ordinance does not permit "drive-up storage" in the C-2 Commercial District, and provided a suggested zoning ordinance amendment to permit drive-up storage on the property.[2]

The Board held a public hearing on November 15, 2021. Amerco presented testimony and submitted graphic materials in support of its position.

---

[2] The proposed amendment stated, "Drive-up storage is a permitted use only to Amerco's Beaver Valley Mall property, in a C-2 COMMERCIAL DISTRICT, and not to any other property or location in Center Township." *See* Substantive Validity Challenge, 9/30/21, at Ex. C.

2

James Milligan, an owner's representative of Amerco, testified on Amerco's behalf. *See* Notes of Testimony (N.T.), 11/15/21, at 4-13. Milligan stated that Amerco wishes to place multiple storage units in the parking lot area of the subject property so that customers can access them without entering the main building. *See id.*

Following the hearing, the Board voted to reject the validity of the challenge and Amerco appealed to the trial court. The trial court did not take additional evidence. On August 10, 2022, following the submission of briefs and oral argument, the trial court issued an order finding in favor of the Board and denying Amerco's appeal. Amerco timely appealed to this Court.

## II. ISSUES

Amerco raises a single issue on appeal: namely that, because the trial court's order was not supported by facts of record, the court had committed an error of law and abused its discretion. *See* Amerco's Br. at 4.

## III. DISCUSSION[3]

Amerco contends that the trial court erred in denying its appeal because drive-up self-storage is not a permitted use in any Center Township zoning district. *See* Amerco's Br. at 6-7. As a result, it avers that it should be allowed the remedy of reasonable site-specific relief. *See id.* Amerco argues that the trial court's order does not address reasonable site-specific relief and ignores that the Board did not justify its denial of site-specific relief or provide any analysis of whether the proposed amendment would affect the promotion of health, safety, or welfare. *See id.* at 7.

---

[3] The parties presented no additional evidence to the trial court. Therefore, our review is limited to determining whether the Board committed an abuse of discretion or an error of law. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 811 n.1 (Pa. Cmwlth. 2005).

In response, the Board argues that the trial court properly denied the appeal and that the Board properly denied the application for a curative amendment. *See* Bd.'s Br. at 8-10. The Board argues that the Ordinance does not prohibit or restrict drive-up storage, as it is permitted as a conditional use under Article XI, Section 1101 (B)(1)(g). *See id.* Rather, the Board contends that Amerco knew drive-up storage was a conditional use and improperly filed a curative amendment in an attempt to avoid applying for a conditional use approval and meeting the standards in the Ordinance. *See id.* at 10-12.

A zoning ordinance is presumed valid, and a challenger has a heavy burden to establish its invalidity; generally, this is done on "substantive due process grounds, *i.e.*, whether an ordinance is substantially related to a legitimate interest." *Protect PT v. Penn Twp. Zoning Hearing Bd.*, 220 A.3d 1174, 1183 (Pa. Cmwlth. 2019) (citation omitted). In cases of exclusionary zoning, the challenger "bears the burden of showing that the zoning ordinance completely or effectively excludes a legitimate use." *In re Charlestown Outdoor, LLC*, 280 A.3d 948, 958 (Pa. 2022). A zoning ordinance that excludes a legitimate use may be unconstitutionally exclusionary. *Id.*

A *de jure* exclusion occurs when "the ordinance on its face totally excludes a use."[4] *Charlestown Outdoor, LLC*, 280 A.3d at 958. The fact that an ordinance does not contain a specific provision addressing a proposed use does not, without more, establish a basis to find an unconstitutional exclusion of that use. *Kratzer v. Bd. of Supervisors of Fermanagh Twp., Juniata Cnty.*, 611 A.2d 809, 812

---

[4] By contrast, "[i]n a *de facto* exclusion case, the challenger alleges that an ordinance appears to permit a use, but under such conditions that the use cannot in fact be accomplished." *Twp. of Exeter v. Zoning Hearing Bd. of Exeter Twp.*, 962 A.2d 653, 659 (Pa. 2009). A *de facto* exclusion is not at issue here.

(Pa. Cmwlth. 1992). "When a proposed use can be considered within another zoning classification or, where a zoning ordinance is broad enough to encompass the proposed use, there is no *de jure* exclusion." *Id.* If a challenger meets the burden of proving that the ordinance is exclusionary, "then the burden shifts to the municipality to prove that the exclusion bears a substantial relationship to the public health, safety, morality, or welfare."[5] *Charlestown Outdoor, LLC*, 280 A.3d at 958.

The purpose of a C-2 Commercial District is to "provide for retail and service facilities which serve the needs of the general community . . . ." Ordinance, § 1100. In a C-2 commercial district, a mini-warehouse or self-storage building is a conditional use, subject to the requirements listed in Section 1703.35.[6] *See id.*; *see also* Ordinance, § 1703.35. While the Ordinance does not provide a definition of "drive-up self-storage," it defines "mini-warehouse: self-storage building" as "[a] building or group of buildings in a controlled access and fenced compound that contains various sizes of individualized, compartmentalized and controlled access stalls and/or lockers leased by the general public for a specified period of time for the dead storage of personal property." Ordinance, § 201.

---

[5] In cases where a landowner challenges, on substantive grounds, the validity of a zoning ordinance, Section 916.1(c)(5) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 12, 1988, P.L. 1329, 53 P.S. § 10916.1(c)(5), provides guidance for both the application and the considerations the Board should undergo following the application. 53 P.S. § 10916.1(a)-(c). The landowner may submit a curative amendment with his request for the Board to consider at a hearing. 53 P.S. § 10916.1(a)(1). Only if the Board determines that the challenge has validity must it consider whether to accept the petitioner's curative amendment, or whether another alternative amendment may be appropriate. 53 P.S. § 10916.1(c).

[6] Section 1703.35 discusses the various standards required for mini-warehouses or self-storage buildings, including the distance between buildings, the size dimensions of the buildings themselves, the width of the driveways on the site, opaque fencing requirements, and the need to comply with various safety regulations. Ordinance, § 1703.35. In total, there are 25 requirements enumerated by the Ordinance. *See id.*

Instantly, the Board determined that the Ordinance permits self-storage in the C-2 Commercial District, and that the Ordinance as written is "broad enough to allow reasonable use of the property for self-service storage, albeit within an enclosed structure." Bd. Dec., 12/30/21, at 3. Thus, the Board concluded that the use proposed by Amerco was not fundamentally different from what the Ordinance allows and that, therefore, the Ordinance did not unduly restrict Amerco. *See id.*

The use proposed by Amerco is seven rows of storage units in which customers could store their belongings. *See* N.T., 11/15/21, at 7-8, 11-12. The units are individually alarmed and locked, and only the lessors have access by swipe card. *See* N.T., 11/15/21, at 7-13. The sole difference between the current conditional use and the proposed use is that the storage units would not be housed in an enclosed building. *See, e.g.*, N.T., 11/15/21, at 7-13. Both uses are substantially similar to the language in the Ordinance, namely, "[a] building or group of buildings in a controlled access and fenced compound that contains various sizes of individualized, compartmentalized and controlled access stalls and/or lockers leased by the general public for a specified period of time for the dead storage of personal property." Ordinance, § 201.

Indeed, Amerco's argument does not attempt to delineate any meaningful difference between the proposed use and the language of the Ordinance. *See* Amerco's Br. at 8-9. Rather, Amerco focuses entirely on the fact that the Ordinance does not specifically provide for "drive-up self-storage." *See id.* This ignores case law that specifically states the Ordinance need not provide for every conceivable use. *Kratzer*, 611 A.2d at 812.

Based on the above, we agree with the Board and the trial court that the language of the Ordinance "is broad enough to encompass the proposed use" and

6

that there is no *de jure* exclusion. *See id.* Thus, because Amerco failed to meet the burden of proving that the Ordinance is exclusionary, the burden did *not* shift to the Board to prove that the exclusion bore a substantial relationship to the public health, safety, morality, or welfare. *See Charlestown Outdoor, LLC*, 280 A.3d at 958; *see also Protect PT*, 220 A.3d at 1183. Accordingly, the Board did not commit an error of law or abuse its discretion in denying the challenge to the substantive validity of the Ordinance. *Taliaferro*, 873 A.2d at 811 n.1.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the trial court denying the appeal of Amerco.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amerco Real Estate Company,      :
                 Appellant    :
                               :
        v.                :    No. 913 C.D. 2022
                               :
Center Township Board of Supervisors  :

## **O R D E R**

AND NOW, this 11th day of September, 2023, the Court of Common Pleas of Beaver County's order entered August 10, 2022, is AFFIRMED.

_____
LORI A. DUMAS, Judge