1825 Rt. 309 Allentown, LLC,   :
                    Appellant   :
                                   :
      v.   :
                                   :
Zoning Hearing Board of   :
South Whitehall Township   :   No. 487 C.D. 2022
and Landston Equities, LLC   :   Submitted: December 4, 2023

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION
BY JUDGE FIZZANO CANNON               FILED: January 18, 2024

      This matter returns following our remand for a more expansive opinion from the Court of Common Pleas of Lehigh County (common pleas court) explaining its analysis of the pertinent factors relating to a grant of zoning relief requested by Landston Equities, LLC (Applicant) from the Zoning Hearing Board (ZHB) of South Whitehall Township (Township). In an appeal by 1825 Rt. 309 Allentown, LLC (Objector), which intervened in the action, the common pleas court denied and dismissed Objector's appeal from the ZHB's decision granting Applicant's request for a special exception and dimensional variances. Having now reviewed the common pleas court's supplemental opinion as well as the rest of the record and the parties' briefs, we affirm the common pleas court's order.

# I. Background

Before the ZHB, Applicant appealed from the denial of a special exception and variances and sought zoning relief in support of its proposed development of a commercial property. Relevant to this appeal, Applicant sought dimensional variances related to the placement of the two driveway entrance points needed for the proposed development.

Objector opposed the requested relief. After the ZHB had completed the hearing process, Objector asked to have the record reopened in order to present expert testimony in opposition to Applicant's requested zoning relief. The ZHB refused to reopen the record and granted both special exception and variance relief to Applicant.

Objector appealed to the common pleas court, requesting two alternative forms of relief. First, Objector sought reversal on the merits, arguing that Applicant failed to sustain its burden of proving entitlement to zoning relief. Reproduced Record (RR) at 45a-46a. In the alternative, Objector asked the common pleas court to remand the matter to the ZHB to reopen the record for additional testimony of Objector's expert witness and then issue a new decision. *Id.*

The common pleas court accepted briefs and held oral argument but took no additional evidence. In its brief and argument before the common pleas court, Objector preserved its argument that Applicant's evidence before the ZHB was insufficient to sustain its burden of proving entitlement to zoning relief. RR at 89a-94a & 137a-40a. Objector continued to make clear that it was seeking a remand for additional evidence only in the event that the common pleas court determined Applicant's evidence was otherwise sufficient to support the ZHB's decision. *Id.*

The common pleas court affirmed the ZHB's decision. Its supporting opinion accompanying its order, however, focused almost exclusively on Objector's request to reopen the record.[1]  *See* Objector's Br., Ex. B.  The common pleas court posited that Objector's request for reversal on the merits was "not based on the record and overlap[ped] its remand request by suggesting that additional expert testimony would reveal the inadequacy of Applicant's evidence."  *Id.* at 4. According to the common pleas court, Objector had not argued that Applicant failed to meet its burden of proof.  *Id.*  As a result, the common pleas court offered no analysis of the merits beyond bare statements that the ZHB analyzed all the elements required for zoning relief and that its conclusions were supported by substantial evidence.  *Id.* at 4-5.

On appeal, unlike the common pleas court, we concluded that Objector had preserved its challenge to the sufficiency of the evidence.  Accordingly, we directed the common pleas court to provide a supplemental opinion analyzing the applicable factors required for a special exception and dimensional variances and applying those factors to the evidence presented in the case.[2]

---

[1] We observe that, on appeal before this Court, Objector has not renewed in its brief any argument that the ZHB should have reopened the record.  *See generally* Objector's Br. Accordingly, that argument is waived and we will not consider it.  *See Dobson Park Mgmt., LLC v. Prop. Mgmt., Inc.*, 203 A.3d 1134, 1139 (Pa. Cmwlth. 2019).

[2] Where, as here, the common pleas court has not taken additional evidence in a zoning appeal, this Court reviews the ZHB's decision for an error of law or a manifest abuse of discretion; such an abuse of discretion occurs only where the ZHB's findings are not supported by substantial evidence. *Artisan Constr. Grp., LLC v. Zoning Hearing Bd. of Upper Pottsgrove Twp.*, 275 A.3d 80, 84 n.5 (Pa. Cmwlth. 2022).  Further, the ZHB's findings are owed deference, especially as to whether a variance applicant satisfied the unnecessary hardship criterion, in light of the ZHB's expertise and knowledge regarding local conditions. *Marshall v. City of Phila.*, 97 A.3d 323, 333 (Pa. 2014); *Azoulay v. Phila. Zoning Bd. of Adjustment*, 194 A.3d 241, 249 (Pa. Cmwlth. 2018)

## II. Discussion

## A. Special Exception

The Township's zoning ordinance provides for special exceptions "in particular areas . . . after review, public hearing, and approval by the [ZHB]." S. WHITEHALL TWP., PA., CODE § 350-05(d) (2017). There is no dispute that Applicant's proposed development, a Wawa convenience market, is a motor vehicle service facility as defined in the Township's zoning ordinance and, as such, is permitted by special exception in the Township's zoning district where the property at issue is located. *See id.*, § 350-48(m)(9)(A) & (C). A special exception is allowed, "absent a showing of a detrimental effect on the community," provided that the requisite standards are met. *Tower Access Grp., LLC v. S. Union Twp. Zoning Hearing Bd.*, 192 A.3d 291, 300 (Pa. Cmwlth. 2018). Thus, an applicant bears the initial burden of showing that its proposed development meets the specified criteria for a special exception. *Id.* Once that showing is made, the burden shifts to an objector to show that a detrimental effect will result from the proposed development. *Id.*

Here, the zoning ordinance expressly requires conformity with all applicable ordinance requirements in order to qualify for a special exception. S. WHITEHALL TWP., PA., CODE § 350-16(d)(1)(d) (2017). Objector observes that variances are required in order to allow the driveway placement as proposed by Applicant and, thus, to render the proposed development compliant with the

---

(stating that "[a]n administrative agency's interpretation of the statute it is charged to administer is entitled to deference on appellate review absent fraud, bad faith, abuse of discretion or clearly arbitrary action"); *Tidd v. Lower Saucon Twp. Zoning Hearing Bd.*, 118 A.3d 1, 9 (Pa. Cmwlth. 2015).

ordinance's requirements. Objector asserts that the ZHB should have denied the variances, as discussed in the next section. Therefore, Objector reasons that because Applicant was not entitled to the variances, it had no way to comply fully with all ordinance requirements in order to qualify for a special exception.

By definition, where a variance is needed for a particular use, that use cannot be deemed to comply with the applicable zoning ordinance in the absence of the variance. Here, Objector offers no separate reason why Applicant has failed to show that it qualifies for a special exception; nor does Objector argue that the proposed development will have any detrimental effect. Therefore, Objector's challenge to the ZHB's grant of a special exception depends wholly on its related challenge to the grant of dimensional variances. Because, as discussed in the next section, we reject Objector's challenge to the variances, we likewise reject its challenge to the special exception.

## B. Dimensional Variances

The Pennsylvania Municipalities Planning Code (MPC)[3] sets forth the standards for granting a variance request. Section 910.2(a) of the MPC, added by the Act of December 21, 1988, P.L. 1329, provides:

> (a) The [zoning] board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The [zoning] board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The [zoning] board may grant a variance, provided that all of the following findings are made where relevant in a given case:

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the [applicant].

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a). The same criteria apply whether the applicant seeks a use variance or a dimensional variance, but our Supreme Court has held that in considering whether the applicant has established the requisite hardship for a dimensional variance, "courts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning

6

requirements and the characteristics of the surrounding neighborhood." *Hertzberg v. Zoning Bd. of Adjustment of Pittsburgh*, 721 A.2d 43, 50 (Pa. 1998).

Here, Applicant has requested two dimensional variances. The Township's zoning ordinance requires a minimum distance of 300 feet between the centerline of the development's driveway and the centerline of the intersections of any adjacent roads. *See* S. WHITEHALL TWP., PA., CODE § 350-42(d)(4)(B)(i) (2017). However, because of the property's dimensions and its location adjacent to three roads, the centerline of the proposed driveway would be located 249 feet from the centerline of the intersection of Pennsylvania Route 309 and Chapmans Road and 174 feet from the centerline of the intersection of Chapmans Road and Grammes Road.

As we have explained,

> this Court may not substitute its interpretation of the evidence for that of the ZHB . . . . It is the function of a ZHB to weigh the evidence before it . . . . The ZHB is the sole judge of the credibility of witnesses and the weight afforded their testimony . . . . Assuming the record contains substantial evidence, we are bound by the ZHB's findings that result from resolutions of credibility and conflicting testimony rather than a capricious disregard of evidence . . . . A ZHB is free to reject even uncontradicted testimony it finds lacking in credibility.

*Davis-Haas v. Exeter Twp. Zoning Hearing Bd.*, 166 A.3d 527, 545 (Pa. Cmwlth. 2017) (citing *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807 (Pa. Cmwlth. 2005)). Objector maintains that the ZHB failed to make sufficient express findings supported by substantial evidence in support of its decision to grant the special exception and variances. The common pleas court disagreed, as do we.

7

Citing specific portions of the ZHB hearing transcript, the common pleas court pointed to testimony that, regardless of where the driveway would be located on the property, it could not be made to conform to the minimum separation distance requirements of the Township's zoning ordinance. *See* Original Record (O.R.) at 276-77, 287 & 298 (Notes of Testimony (N.T.) 11/22/21 at 29-30, 40 & 51). The common pleas court also posited that the property's dimensions and location constitute unique physical circumstances or conditions that are peculiar to the property, create an unnecessary hardship, were not created by Applicant, and prevent development of the property in strict conformance with the Township's zoning ordinance. Accordingly, the common pleas court agreed with the ZHB that Applicant satisfied the MPC's hardship criteria for variance relief.

Next, the common pleas court cited record evidence that the dimensional variances will not impede appropriate business or commercial use or development of nearby properties, alter the character of the area, or create a detriment to the public health, safety, or welfare. *See* O.R. at 269 & 317-18 (N.T. 11/22/21 at 22 & 70-71). The common pleas court also pointed to record testimony by Applicant's expert witness, a traffic engineer, that the proposed full access driveway on the property is necessary and will be beneficial to traffic circulation and safety. *See* O.R. at 286-87 & 302 (N.T. 11/22/21 at 39-40 & 55). Thus, the common pleas court concluded there had been no showing that the requested variances would be contrary to the public interest.

Finally, the common pleas court acknowledged record evidence that the requested variances represented the minimum reduction in separation distance that would afford relief, and thus, the minimum possible modification of the

8

requirements of the Township's zoning ordinance. *See* O.R. at 277-78 & 298 (N.T. 11/22/21 at 30-31 & 51).

In summary, the common pleas court was satisfied that the record contains substantial evidence in support of the ZHB's decision. We agree. Therefore, we affirm the common pleas court's order denying and dismissing Objector's appeal from the ZHB's decision.

## III. Conclusion

Based on the foregoing discussion, we affirm the common pleas court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1825 Rt. 309 Allentown, LLC, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Zoning Hearing Board of | : | |
| South Whitehall Township | : | No. 487 C.D. 2022 |
| and Landston Equities, LLC | : | |

## O R D E R

AND NOW, this 18th day of January 2024, the order of the Court of Common Pleas of Lehigh County, dated April 12, 2022, and entered upon the docket on April 13, 2022, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge