# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Roberts and                              :
Margaret Roberts,                             :
                                              :
                    Appellants                :
                                              :
            v.                                : No. 1319 C.D. 2016
                                              : Argued:  March 6, 2017
Luzerne County Zoning                         :
Hearing Board                                 :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 18, 2017


        John Roberts and Margaret Roberts (collectively, Objectors) appeal
from an order of the Court of Common Pleas of Luzerne County (trial court)
affirming a decision of the Luzerne County Zoning Hearing Board (Board), which
granted SMSA Limited Partnership d/b/a/ Verizon Wireless's (Verizon)
application for variance and special exception to build a wireless communications
tower.  Objectors argue that the Board erred or abused its discretion by granting
Verizon's variance and special exception request because Verizon did not seek
necessary variances from the side yard setbacks or satisfy the criteria for a
variance.  Upon determining that the Board's opinion does not contain necessary
findings of fact or conclusions of law and does not address all the variance relief
requested, we vacate and remand.

# I. Background

This matter involves a land use appeal brought pursuant to the Pennsylvania Municipalities Planning Code (MPC).[1] In November 2014, Verizon filed a variance and special exception application with the Board for the construction of a wireless communications facility at 33 Blackman Street, Courtdale Borough, Luzerne County, Pennsylvania (Property). The Property is owned by Courtdale Volunteer Hose Company, which leased a portion of it to Verizon. The rectangular-shaped Property consists of two parcels with a width of 200 feet fronting Blackman Street and a depth of 150 feet. The Property is located in the B-3 Highway Business Zoning District under the Luzerne County Zoning Ordinance (Ordinance),[2] which permits communications towers as a special exception use. The surrounding properties are zoned R-1 One Family Residence District.

In the application, Verizon requested: (i) a special exception in accordance with Section 4.09 of the Ordinance to construct a new wireless communications facility on the Property, including a 100-foot monopole with attached 5-foot lightning rod and associated improvements including an 11.5-foot by 16-foot prefabricated equipment shelter, outdoor generator, cable ice-bridge and an 8-foot-high chain link fence; (ii) a variance from the setback requirement under Section 8.04(B)(15) of the Ordinance to allow the foundation of the proposed communications tower to be setback from the adjacent, residential property line of 21 feet (100 feet required); (iii) a variance from Article 5 of the Ordinance to allow

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

[2] The Ordinance was originally adopted on December 16, 1964, and last amended on September 25, 2012.

a rear setback of 10.5 feet (40 feet required); (iv) a variance from Article 5 of the Ordinance to allow a front setback of 14.5 feet (30 feet required); (v) a variance from Article 5 of the Ordinance to allow a side setback of 11 feet (15 feet required); (vi) a variance from Section 6.25(B) of the Ordinance to allow a rear setback of 1.7 feet for an accessory structure (10 feet required); and (vii) a variance to allow the installation of an eight-foot-high chain-link fence.[3]  Supplemental Reproduced Record (S.R.R.) at 4b.

In January 2015, the Board held a public hearing on Verizon's application.  At the hearing, Verizon appeared and produced witnesses.  Persons opposing Verizon's request also appeared and testified, including John Roberts.  At the conclusion of the hearing, the Board granted Verizon's application for variance and special exception, but limited the height of the facility to a 95-foot monopole with an attached 1-foot lightning rod.  Board Hearing, 1/6/15, Notes of Testimony (N.T.) at 99-100; Reproduced Record (R.R.) at 121a-122a.

In the cursory opinion that followed, the Board made findings identifying the parties involved, and the Property's location, zoning district, dimensions, ownership and lease arrangement.  Board Opinion, 6/2/15, Findings of Fact (F.F.) Nos. 1-6; R.R. at 30a-31a.  As to the request itself, the Board found that Verizon filed a zoning application seeking a special exception "for the leased property as a cell phone tower and an accessory structure and also applied for variances relating to dimensional setbacks, reducing the setbacks for both the cell phone tower . . . and for the accessory structure to rear and side yard setbacks"

---

[3] Section 804(B)(20) of the Ordinance requires a communication tower be secured by a fence with a maximum height of eight feet.  It is unclear why Verizon requested relief in this regard.

3

pursuant to the Ordinance. F.F. No. 7; R.R. at 31a. Specifically, "[t]he rear setback request was from 40 feet to 10.5 feet, the front setback was from 30 feet to 14.5 feet, and the side setback from 14 feet to 11 feet." F.F. No. 8; R.R. at 31a. "The variance for the rear setback of the accessory structure was 10 feet down to 1.7 feet and the variance for height of fence was 8 feet." F.F. No. 9; R.R. at 31a. The Board granted the special exception and "all the variances" with the restriction that the cell tower's total height not exceed 96 feet. F.F. No. 10; R.R. at 31a. The Board then recited the criteria for a variance as its conclusions of law. Board Opinion, Conclusions of Law Nos. 1-5; R.R. at 31a-32a.

Objectors appealed to the trial court. Verizon intervened. Without taking additional evidence, the trial court affirmed the Board. In so doing, the trial court found Verizon is licensed by the Federal Communications Commission (FCC) to operate a wireless communications system within a designated frequency spectrum in Luzerne County. Pursuant to its FCC license, Verizon must ensure that its wireless signal strength is sufficient to provide proper reception and communication within its licensed area. Within Courtdale Borough, the signal strength is weak, which causes poor wireless service. As a result, residents experience a lack of reliable coverage, and Verizon encounters a lack of network capacity. The trial court further found that the lack of service coverage:

> is due, in part, to the topography of the area. That is, Courtdale is a bowl-shaped area. The proposed facility where the equipment will be located affects the propagation of radio frequency signal, thus creating better coverage. In addition, there is no residential development to the rear of the location where the variance is requested.

Trial Court Opinion, 6/29/16, at 5.

4

The trial court recognized that the Ordinance permits a cellphone tower as a special exception use provided it meets the Ordinance's objective requirements. Verizon's lease of the Property did not create a new lot for purposes of satisfying dimensional regulations. The trial court determined that Verizon was merely seeking a *de minimis* variance from the Ordinance's setback provisions and that rigid compliance with the Ordinance was not necessary. It further determined that the fence height of eight feet around the facility will serve public interest providing a safety feature. Thus, the trial court concluded that the Board did not commit an error of law or an abuse of discretion in granting Verizon's application. Trial Court Opinion, at 5-6.

## II. Issues

On appeal to this Court,[4] Objectors contend that the Board erred or abused its discretion by granting Verizon's variance and special exception application. Objectors maintain that Verizon did not seek a variance to reduce side yard setbacks, only the rear setback. Even assuming that it did, Verizon did not meet the criteria for variance because it did not show any unique physical characteristics or condition of the Property or that it would suffer any unnecessary

---

[4] In a land use appeal where the trial court does not take additional evidence, our review is limited to determining whether the Board abused its discretion or committed an error of law. *In re Thompson*, 896 A.2d 659, 666 n.4 (Pa. Cmwlth. 2006), *appeal denied*, 916 A.2d 636 (Pa. 2007). The Board, as the finder of fact, is empowered to judge the credibility of the evidence and the weight it should be afforded; a court may not substitute its interpretation of the evidence for that of the governing body. *In re Richboro CD Partners, L.P.*, 89 A.3d 742, 754-55 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014). The governing body abuses its discretion when its findings of fact are not supported by substantial evidence. *In re Thompson*, 896 A.2d at 666 n.4. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted).

hardship as a result. Moreover, the Board's opinion does not contain sufficient findings of fact that would establish the basis for approving the variances. In addition, Objectors assert that Verizon failed to meet the requisite criteria for special exception because it did not meet the Ordinance's requirement that a cellphone tower's base and foundation must be more than 100 feet from a residential property line.

### III. Discussion

To begin, Section 908(9) of the MPC, 53 P.S. §10908(9), requires a zoning hearing board to render essential findings of fact, conclusions of law, and sufficient rationale to support meaningful appellate review. *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 816 (Pa. Cmwlth.), *appeal denied*, 887 A.2d 1243 (Pa. 2005). Specific findings are not required if the zoning hearing board's opinion provides an adequate explanation of its resolution of the factual questions involved and if it sets forth the board's reasoning in such a way as to demonstrate its decision was reasoned and not arbitrary. *Id.*

Where the zoning hearing board's record includes findings of fact and the trial court does not take additional evidence, the board's findings "shall not be disturbed by the court if supported by substantial evidence." Section 1005-A of the MPC.[5] The trial court's review is limited to a determination of whether the board abused its discretion or committed error of law and whether its necessary findings are supported by substantial evidence. *Pyzdrowski v. Board of Adjustment of City of Pittsburgh*, 263 A.2d 426, 429 (Pa. 1970). A reviewing court "errs when it substitutes its judgment on the merits for that of a zoning board." *Marshall v.*

---

[5] Added by the act of December 21, 1988, 53 P.S. §11005-A.

6

*City of Philadelphia*, 97 A.3d 323, 331 (Pa. 2014). However, "[i]f the record does not include findings of fact or if additional evidence is taken by the court . . . , the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any." Section 1005-A of the MPC.

A dimensional variance involves a request to adjust zoning regulations to use the property in a manner consistent with regulations, as opposed to a use variance, which involves a request to use property in a manner that is wholly outside zoning regulations. *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 721 A.2d 43, 47 (Pa. 1998). The standards for granting a variance are well established and apply to use and dimensional variances. *Id.* at 46-47. Specifically, an applicant seeking a variance must demonstrate:

> That there are unique physical circumstances or conditions, including irregularity, narrowness or shallowness of lot size or shape or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the Zoning Ordinance in the neighborhood or district in which the property is located;
>
> That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;
>
> That such unnecessary hardship has not been created by the appellant;
>
> That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or

permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue. In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the Zoning Ordinance.

Section 8.41 of the Ordinance; *accord* Section 910.2 of the MPC;[6] *Hertzberg*, 721 A.2d at 46-47.

"The overriding standard for a variance is unnecessary hardship." *Doris Terry Revocable Living Trust v. Zoning Board of Adjustment of City of Pittsburgh*, 873 A.2d 57, 63 (Pa. Cmwlth. 2005). For an applicant to show unnecessary hardship in the context of a use variance, he must prove that either: "(1) the physical features of the property are such that it cannot be used for a permitted purpose; or (2) the property can be conformed for a permitted use only at a prohibitive expense; or (3) the property is valueless for any purpose permitted by the zoning ordinance." *Taliaferro*, 873 A.2d at 812. "The applicant must show the hardship is unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district." *Id.*

However, in *Hertzberg*, the Pennsylvania Supreme Court set forth a more relaxed standard for establishing unnecessary hardship for a dimensional variance. *Hertzberg*, 721 A.2d at 49. The Supreme Court explained:

When seeking a dimensional variance within a permitted use, the owner is asking only for a reasonable adjustment

---

[6] Added by the act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. §10910.2.

8

of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations. Thus, the grant of a dimensional variance is of lesser moment than the grant of a use variance, since the latter involves a proposal to use the property in a manner that is wholly outside the zoning regulation.

*Id.* at 47. The Court held "the quantum of proof required to establish unnecessary hardship is indeed lesser when a dimensional variance, as opposed to a use variance, is sought." *Id.* at 48. Under *Hertzberg*, the courts may consider multiple factors in determining whether the applicant established unnecessary hardship for a dimensional variance. *Id.* at 50. These factors include: "the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Id.*

Although *Hertzberg* eased the requirements, it did not remove them. *Tri–County Landfill, Inc. v. Pine Twp. Zoning Hearing Board*, 83 A.3d 488, 520 (Pa. Cmwlth.), *appeal denied*, 101 A.3d 788 (Pa. 2014) (citing *Doris Terry*, 873 A.2d at 62). An applicant must still present evidence as to each of the conditions listed in the zoning ordinance, including unnecessary hardship. *Id.* Where no hardship is shown, or where the asserted hardship amounts to a landowner's desire to increase profitability or maximize development potential, the unnecessary hardship criterion required to obtain a variance is not satisfied even under the relaxed standard set forth in *Hertzberg*. *Id.* However, "in establishing hardship, an applicant for a variance is *not required* to show that the property at issue is valueless without the variance or that the property cannot be used for any permitted purpose." *Marshall*, 97 A.3d at 330 (emphasis in original).

Notably, a public need for a cellphone tower is not a unique characteristic of the property itself. *See Township of East Caln v. Zoning Hearing Board of East Caln Township*, 915 A.2d 1249, 1254 (Pa. Cmwlth. 2007). *East Caln* involved an application by a wireless communication provider to expand an existing conditional use permit in order to construct a new cellphone tower that exceeded the height requirements of the applicable ordinance. *Id*. at 1250. The wireless communication provider introduced evidence before the zoning hearing board documenting the coverage gap and the attendant interference with emergency services that would be eliminated by the variance. The provider also presented evidence that alternative sites were not conducive locations for its proposed tower. The board granted the variance, reasoning that the variance was in the public interest. *Id*. at 1251. On appeal, this Court reversed. We explained that, in order to carry the burden necessary for variance relief, the property owner must "establish a hardship that attends the *property*, as distinguished from its *owner*." *Id*. at 1254 (emphasis in original). A determination that the tower was in the public interest and alternate sites were not suitable locations did not amount to a hardship attendant to the subject property. *Id*.

Later, we clarified that *East Caln* "does not counsel that a variance cannot be granted where a wireless communication provider is involved and the public is benefited by improved coverage." *In re Towamencin Township*, 42 A.3d 366, 372 (Pa. Cmwlth. 2012). Rather, *East Caln* "clearly advises that a variance cannot be granted when found to be in the public interest *alone*." *Id*. (emphasis added).

Upon review, the Board did not provide sufficient findings or an adequate explanation to support its conclusion that Verizon satisfied the criteria for

10

variance to allow for adequate appellate review. Although the Board made findings, those findings merely identified the parties involved, the Property's location, zoning district, dimensions, ownership and lease arrangement, and the aspects of the application. The Board did not make any findings regarding whether the evidence satisfied the criteria for granting a variance, including any unnecessary hardship attendant to the Property. *See Marshall*, 97 A.3d at 331 ("It is the function of the zoning board to determine whether the evidence satisfies the criteria for granting a variance."). The Board concluded by merely reciting the boilerplate criteria for a variance, without any specifics regarding this particular Property.

Although the trial court attempted to provide some justification for the Board's decision by adding facts not found by the Board, the trial court did not accept additional evidence or conduct *de novo* review of the evidence. Rather, the trial court reviewed the Board's findings under its appellate standard of review. *See* Trial Court Opinion, at 3, 5-6. Therefore, our review is limited to determining whether the Board abused its discretion or committed an error of law. *In re Thompson*, 896 A.2d 659, 666 n.4 (Pa. Cmwlth. 2006), *appeal denied*, 916 A.2d 636 (Pa. 2007).

Even if we were to review the trial court's opinion, as opposed to the Board's, the trial court's opinion does not adequately address the circumstances attendant to the Property warranting a variance. Rather, the trial court focused on Verizon's FCC responsibilities, the area's topography, and the need for improved wireless communications service in Courtdale Borough. Such circumstances do not attend to the Property. *See Towamencin; East Caln.*

11

Moreover, the Board did not address the variance from Section 8.04(B)(15) for the side yards in its opinion. Section 8.04(B)(15) of the Ordinance provides:

> The foundation and base of any Communications Tower located adjacent to any residentially occupied property, or adjacent to any residential zone, shall be set back from a property line (not lease line), at least one hundred (100) feet and shall be set back from any other property line (not lease line) at least fifty (50) feet.

The Property is only 200 feet wide; 150 feet deep. Presumably, the foundation and base of the proposed tower would encroach within the 100-foot setbacks for the two residentially-zoned side properties, one of which is owned and occupied by Objectors. Although the Board granted a rear yard setback from 100 feet required to 21 feet at the hearing, N.T. at 99-100; R.R. at 1211a-122a, the Board did not address or specifically grant a variance from Section 8.04(B)(15) for the side yards. *See* R.R. at 121a.

Insofar as Objectors maintain that Verizon never requested a variance from Section 8.04(B)(15) from the side yards, we disagree. Initially, Verizon requested a "[v]ariance to allow foundation of communications tower to be setback from adjacent, residential property line (100' required; 21' proposed)." S.R.R. at 4b. The 21-foot proposal pertains only to the rear setback. R.R. at 119a. Verizon asserts it referenced 21 feet because this dimension was the maximum relief requested from Section 8.04(b)(15). Intervenor's Brief at 46. Notwithstanding, in the maps submitted as part of Verizon's application, Verizon specifically requested a variance "to permit a tower to be setback less then [sic] the required 100 feet (98 feet is proposed), per section 804.B.15 of the [Ordinance]." *See* Supplemental Certified Record, Zoning Hearing Board Exhibits, CMC Engineering Plans,

12

Zoning Note No. 3.  This request clearly pertains to setback relating to both adjacent side properties, including Objectors' property.  Moreover, the 100-foot setback for all sides was discussed at the hearing.  *See* R.R. at 103a-104a, 116a, 118a.

## IV. Conclusion

In sum, because the Board's opinion does not contain necessary findings and conclusions or specifically address all aspects of Verizon's variance request, we are compelled to vacate the trial court's opinion and remand the matter to rectify these omissions.[7]

 

MICHAEL H. WOJCIK, Judge

---

[7] In light of this disposition, we need not address Objectors' remaining argument that the Board erred or abused its discretion by granting a special exception.  Section 4.09 of the Ordinance permits communication towers by special exception provided the proposed use satisfies the objective requirements.  Resolution of this issue will depend on whether Verizon is entitled to the variances requested.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Roberts and              :
Margaret Roberts,              :
                                    :
           Appellants    :
                                    :
               v.            :   No. 1319 C.D. 2016
                                    :
Luzerne County Zoning       :
Hearing Board                  :

O R D E R

AND NOW, this 18th day of April, 2017, the order of the Court of Common Pleas of Luzerne County (trial court), dated June 29, 2016, is VACATED and this matter is REMANDED to the trial court with instructions to remand to the Luzerne County Zoning Hearing Board to make findings of fact and conclusions of law consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge