554 A.2d 1026

A.D. Kelly and Shirley S. Kelly *v.* The Zoning Hearing Board of Mars Borough and Mars Borough. Mars Borough, Appellant.

Argued February 6, 1989, before Judges COLINS and MCGINLEY, and Senior Judge BARBIERI, sitting as a panel of three.

*John R. Walters, Jr.,* for appellant.

*Thomas W. King, III, Dillon, McCandless & King,* for appellees.

Opinion by Judge Colins, March 9, 1989:

Mars Borough (appellant) appeals an order of the Court of Common Pleas of Butler County entered April 26, 1988, reversing the decision of the Zoning Hearing Board of Mars Borough (Board) which had denied A.D. and Shirley S. Kelly's (appellees) application for a building permit. We reverse.

On July 27, 1987, appellees sought a permit for the construction of a garage on property which is located in a R-1 district. At the time of this application, the property in question was vacant except for a small 10' x 20' shed that was used for storage purposes. The appellees sought permission to build a 40' x 80' storage garage on the property. However, the Board denied this request on the basis that no contemplated main residential use was to be made of this property. The appellees appealed to the trial court on April 26, 1988, which reversed the Board's decision and ordered that the permit be issued. The appellant was then granted intervenor status. This appeal follows.

The trial court did not take any additional testimony. Therefore, our scope of review is limited to a determination of whether the Board committed an abuse of discretion or an error of law. *Markley v. Carlisle Zoning Hearing Board,* 106 Pa. Commonwealth Ct. 578, 527 A.2d 595 (1987). The appellant argues that the trial court committed an error of law because the use for which the appellees sought a building permit is not permitted in an R-1 district. The ordinance defines an accessory building or use as "a building or use which is subordinate and incidental to the main building or a use located on the same lot or premises." The ordinance considers a private garage to be a permissible accessory use in an R-1 district and defines the same as "an accessory building, with area for housing motor driven vehicles, the property of and for

the use of the occupants of the lot on which the private garage is located."

The appellees do not intend to use the property as a residence, yet, they seek a permit for an accessory use. In *Food Bag, Inc. v. Mahoning Township Zoning Board of Adjustment*, 51 Pa. Commonwealth Ct. 304, 414 A.2d 421 (1980), we held that in order to establish a right to an accessory use, an applicant must prove that the use sought is secondary to the principal use. There is no principal use being made of the property. Since this lot has been vacant for some time, except for the small storage shed, and the appellees at this time do not plan on using the lot for a residence, we fail to see how a new garage would be subordinate and incidental to a main building or use.

Consequently, since there is no principal use of the property, the trial court was in error when it reversed the Board's decision. Nothing exists on the property at the current time for which the proposed garage would be subordinate and incidental to and, furthermore, there would be no occupants of the lot on which the garage is to be located.

Accordingly the order of the trial court is reversed.

ORDER

AND NOW, this 9th day of March, 1989, the order of the Court of Common Pleas of Butler County in the above-captioned matter is reversed.