583 A.2d 45

**UPPER SAUCON TOWNSHIP, Appellant,**

**v.**

**ZONING HEARING BOARD OF UPPER SAUCON TOWNSHIP and Robert Holland and Carolyn Holland, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1990.

Decided Nov. 29, 1990.

Ronald E. Corkery, Roberts, Traud & Corkery, Allentown, for appellant.

John W. Ashley, Fonzone and Ashley, Allentown, for appellee, Zoning Hearing Board of Upper Saucon.

Joseph J. Piperato, III, with him, Dennis Benner, Benner and Piperato, Bethlehem, for appellees, Robert and Carolyn Holland.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is an appeal by the Upper Saucon Township (Township) from the decision of the Court of Common Pleas of Lehigh County affirming the decision of the Township Zoning Hearing Board (Board) which allowed Robert Holland and Carolyn Holland (Hollands) to continue

to operate their business subject to certain conditions. The Township questions whether the Board abused its discretion in refusing to render an interpretation of the term "nursery" contained in the Zoning Ordinance of the Township (Ordinance); whether the Board erred in granting use variances to the Hollands without making a finding of unique or unnecessary hardship on the property; and whether the trial court erred in determining that an interpretation of the term "nursery" had been made by the Board. The decision of the trial court is vacated and this matter is remanded for further proceedings.

The Hollands are owners of property located in Allentown, Upper Saucon Township. The property consists of approximately 1.47 acres of land and five structures thereon: a pole building used as a storage shed, a single-family dwelling where the Applicants currently reside, a sales office housing a cash register and displaying various sales items, storage bins, and a sign. The Hollands filed an application to the Board requesting (1) a definitional interpretation of the term "nursery"; (2) use variances to continue to operate their current business on the property in the event that the activities which they engage in do not fall within the definition of "nursery"; and (3) a variance for the sign on the property.[1] The subject property is located in the SMC–South Mountain Conservation Zoning District (SMC–District) under the Ordinance. Among the permitted uses in the SMC–District are "[h]orticultural activities including orchards and nurseries but not including greenhouses." Section 902A.1 of the Ordinance. The term "horticultural" or "nurseries" is not defined in the Ordinance.

At hearing before the Board on April 24, 1989, Robert Holland testified that the following activities were carried on from the subject property:

(a) Sale of mulch;

(b) Sale of stone;

---

1. The trial court reversed the Board's grant of a variance for a sign which exceeded maximum size restrictions under Section 1908 of the Ordinance. The Hollands, however, have not appealed that decision to this Court.

(c) Sale of straw;

(d) Sale of fertilizer;

(e) Sale of "ortho-type" products in individual containers for use on trees, lawns, bushes and insecticides;

(f) The sale of shovels, rakes, hand-tools and other like instruments, but no power tools;

(g) Sale of Christmas trees, both live and cut;

(h) Sale of nursery stock including trees, shrubs, vines, hedgeplants, ground cover and perennial flowers;

(i) Sale of outdoor bedding plants such as impatiens, petunias and marigolds;

(j) Sale of grass seed;

(k) Sale of flower seed and bulbs;

(l) Snow plowing in the winter;

(m) Engaging in lawn care limited to grass-cutting one day per week for two men;

(n) Engaging in landscaping, both with the installation of plants and the makeover of an entire lawn; and

(o) Engaging in the sale of landscaping timbers.

Board's Findings of Fact No. 26. The Hollands operate the business under the names "Rock Road Nursery" and "Bob's Lawn Care" and their activities including lawn care and snowplowing, are listed in various telephone directories. Further, the Hollands operate the business for approximately seven months each year, and in winter months they perform snowplowing services and sell Christmas trees. Board's Findings of Fact Nos. 9, 19–20.

After hearing, the Board issued its Opinion which did not make specific findings as to what is or is not a permitted use among the Hollands' enumerated activities by interpreting the term "nursery" as requested by the Hollands. The Board stated instead in its discussion as follows:

In addition, the Board felt that a specific detailing of what activities would be allowed under the term nursery and those that would be excluded is best left up to the legislative body of Upper Saucon Township, namely the Township Board of Supervisors. Therefore, the Board

determined that it would review the various variance requests rather than pass upon a specific interpretation of the term 'nursery' that would be binding in Upper Saucon Township in the future.

Despite such statement, the Board limited its consideration of the Hollands' use variance request to the four enumerated activities: (g) sale of Christmas trees; (*l*) snowplowing; (m) lawn care; and (n) landscaping. As to the other activities, the Board merely stated that "some" of the activities would be in anyone's definition of nursery. The Board further stated that it granted the Hollands whatever use variances were necessary so that they could engage in, and *only* in, the activities detailed in Findings of Fact No. 26 conditioned upon the Hollands' use of only four vehicles and limiting personnel to twelve employees including the Hollands.

█ The trial court without taking additional evidence found that the Board in fact interpreted the term "nursery" and determined that the eleven uses (Board's Findings of Fact No. 26 (a) through (f), (h) through (k) and (o)) fall within the definition of nursery; that there was substantial evidence to support the determination that the eleven uses fit within the definition; and that the four remaining uses ((g) sale of Christmas trees, (*l*) snowplowing, (m) lawn care and (n) landscaping) were permitted as either uses by right or accessory uses. However, the trial court noted that "the record does not appear to sustain a finding of unique unnecessary hardship as required for the granting of a variance." Trial Court Opinion, pp. 8–9. After a careful review of the record, this Court concludes that the decision of the trial court must be vacated to the extent that it affirmed the decision of the Board.[2]

2. Since the trial court took no additional evidence in this matter, this Court's scope of review is limited to determining whether the board committed an abuse of discretion or an error of law. *Board of Supervisors of Upper Southampton Township v. Zoning Hearing Board of Upper Southampton Township,* 124 Pa.Commonwealth Ct. 103, 555 A.2d 256 (1989).

■ Section 2106 of the Ordinance provides in pertinent part: "[u]pon appeal from a decision by the Zoning Officer, the Zoning Hearing Board *shall* decide any question involving . . . the interpretation of any provisions of this Ordinance. . . ." (Emphasis added.) Thus, the Board, when presented with the request for a definitional interpretation of the term "nursery" and for use variances, was required under the Ordinance to first determine whether the enumerated activities were permitted in the zoning district under the definition of nursery. A zoning hearing board must determine whether a proposed use as testified to by the applicant at hearing falls within a given categorization under the zoning ordinance and its determination thereon is subject to judicial review. *Merry v. Zoning Board of Adjustment,* 406 Pa. 393, 178 A.2d 595 (1962); *Warminster Area Child Day Care Ass'n, Inc. v. Upper Southampton Township Zoning Hearing Board,* 35 Pa.Commonwealth Ct. 541, 386 A.2d 1076 (1978).

■ The record does not support the trial court's conclusion that the Board, after interpreting the term "nursery," permitted as of right the eleven activities. There are no specific findings by the Board as to whether each of the activities in question is or is not a permitted use as a nursery. The record does however disclose that the Board purposely avoided making such findings despite the expressly stated requirement that the Board interpret provisions of the Ordinance. The Board granted use variances without properly approaching the issues presented to it by first addressing the issue of whether each activity is or is not permitted under Section 902 of the Ordinance and then considering requests for variances for those uses which do not fall under the definition of "nursery." Moreover, the Board granted use variances to allow the Hollands to continue their business without making any findings as to the requirements for granting a variance as set forth in Section 2107 of the Ordinance and Section 910.2 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.2.

 The conclusion that the four remaining activities constitute accessory uses must also fail. Accessory uses are permitted as of right in the SMC–District and are defined in Section 902D of the Ordinance as "uses on the same lot and customarily incidental to the permitted use." Section 902D specifically excludes "business" from the definition of accessory uses. In order to establish a right to an accessory use, an applicant must prove that the use sought is secondary to a principal use and that the use is usually found with that principal use. *Kelly v. Zoning Hearing Board of Mars Borough,* 124 Pa.Commonwealth Ct. 121, 554 A.2d 1026, *appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989). Since the Board failed to make findings as to whether the eleven activities set forth in Findings of Fact No. 26 are permitted as principal uses, the trial court's discussion of accessory uses was not based upon the Board's specific findings on this issue. Further, reasonable conditions may be imposed by the Board only when granting a variance or a special exception. 53 P.S. §§ 10910.2(b), 10912.1.

 This Court therefore concludes that the Board committed an abuse of discretion and an error of law by failing to make specific findings on the issues presented by the Hollands and by misapplying the applicable law. Appellate courts cannot properly and efficiently exercise even a limited function of judicial review without the Board's necessary findings of fact and conclusions of law together with reasons for its decision, even when the record contains complete testimony presented to the Board. *Lando v. Springettsbury Township Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 312, 286 A.2d 924 (1972). The decision of the trial court must be vacated and this matter remanded to the trial court for remand to the Board for the purpose of properly formulating specific findings of fact and conclusions of law to support the Board's decision on the Hollands' request for a definitional interpretation and use variances.

## ORDER

AND NOW, the 29th day of November 1990, the decision of the Court of Common Pleas of Lehigh County dated March 7, 1990, is hereby vacated and this case is remanded to the Court of Common Pleas for its remand to the Zoning Hearing Board of Upper Saucon Township with instructions that the Board formulate specific findings of fact and conclusions of law to support its decision.

Jurisdiction relinquished.