# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of: Ian Campbell : 
and Jean Campbell from the : 
Decision Dated May 16, 2019 : 
of the Whitpain Township : No. 349 C.D. 2020
Zoning Hearing Board : Argued: March 15, 2021
 : 
Appeal of: Ian Campbell : 
and Jean Campbell : 


BEFORE: HONORABLE P. KEVIN BROBSON, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge


OPINION BY JUDGE WOJCIK                    FILED: April 13, 2021


Ian Campbell and Jean Campbell (Objectors) appeal from an order of the Montgomery County Court of Common Pleas (trial court), which affirmed the decision of the Whitpain Township (Township) Zoning Hearing Board (Board) granting the variance application (Application) of CA Senior Living Holdings LLC (CA), and denied Objectors' appeal of that Board decision. We vacate and remand.

The following facts may be gleaned from the Board's decision.[1] CA is the equitable owner of property located at 435 Skippack Pike in the Township's IN-

---

[1] As this Court has explained:

> [T]his Court may not substitute its interpretation of the evidence for that of the [B]oard. It is the function of [the Board] to weigh the evidence before it. The [B]oard is the sole judge of the credibility of witnesses and the weight afforded their testimony. Assuming the record contains substantial evidence, we are bound by the [B]oard's

**(Footnote continued on next page…)**

Institutional District (Property). Reproduced Record (R.R.) at 3a, 4a. CA is proposing the construction of 90 parking spaces and holding 45% of those spaces in reserve on the Property. However, Section 160-192.B and 160-192.B(1)(f) of the Township's Zoning Ordinance, relating to Required Off-Street Parking Facilities, require a minimum of 160 spaces and holding 25% of those spaces in reserve.[2] *Id.* To that end, CA filed the Application for a variance from the foregoing requirements. *Id.*

On May 16, 2019, the Board conducted a hearing on the Application. R.R. at 4a. Objectors, of 453 Skippack Pike, were granted party status in opposition to the Application. *Id.* Additionally, a number of non-party residents appeared and made statements in opposition to the Application. *Id.* CA's engineer, John Alejnikov, P.E.; principal, Ryan Cardin; and traffic engineer, John Harter, also appeared and testified in support of the Application. *Id.* at 5a.

Further, the Board entered the following exhibits into evidence: (1) the Application; (2) Proof of Publication; (3) CA's Plan; and (4) the Township Board of Supervisors' Position Statement and the Township Planning Commission's Position

> findings that result from resolutions of credibility and conflicting testimony rather than a capricious disregard of evidence.
>
> [The Board] is free to reject even uncontradicted testimony it finds lacking in credibility, including testimony offered by an expert witness. It does not abuse its discretion by choosing to believe the opinion of one expert over that offered by another.

*Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 811 (Pa. Cmwlth. 2005) (citations omitted).

[2] The Board made no factual findings regarding the physical characteristics of the Property, the use or improvement that CA proposed for the Property for which parking was necessary, or the basis upon which the number of parking spaces required under the relevant Zoning Ordinance provisions was determined. *See* R.R. at 1a, 3a-5a.

2

Statement. R.R. at 4a-5a. The exhibits attached to CA's Application were also made part of the record by incorporation. *Id.* at 5a.

Based on the foregoing evidence, the Board granted the Application at the conclusion of the hearing and mailed that decision to Applicant on May 17, 2019 (Same-Night Decision). R.R. at 1a-2a, 5a. On June 20, 2019, the Board issued a Formal Decision and Order in furtherance of its Same-Night Decision,[3] which contains the following Findings of Fact supporting the grant of a variance:

> 12. The Board found the testimony of each witness for [CA] offered in support of the Application to be credible.
>
> 13. The testimony offered in support of the Application demonstrated, among other things, that the [p]roposal will not have an adverse effect upon the public health, safety, and welfare. The testimony also demonstrated that the requested relief is the minimum relief necessary to effect the Applicant's proposed improvement.
>
> 14. The complete hearing transcript and exhibits are incorporated by reference as though fully set forth here as Findings of Fact in support of this Board's granting of the Application.

R.R. at 5a.

In light of these findings, the Board set forth the following Conclusions of Law:

---

[3] It should be noted that the Same-Night Decision contains three conditions for the variance that are not referenced in the Formal Decision and Order. *See* R.R. at 1a, 3a-8a.

1. Pursuant to Section 909.1 of the Pennsylvania Municipalities Planning Code ("MPC"),[4] this Board has exclusive jurisdiction to hear and render a final adjudication relative to this Application.

2. The requirements for a variance in Pennsylvania are clear and are specifically stated in Section 910.2[(a)] of the MPC.[5] It states, in pertinent part, as follows:

* * *

(a) The [b]oard shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The [b]oard may by rule prescribe the form of application and may require preliminary application to the zoning officer. *The [b]oard may grant a variance, provided that all of the following findings are made where relevant in a given case*:

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located[.]

> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property[.]

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10909.1.

[5] Added by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. §10910.2(a).

4

(3) That such unnecessary hardship has not been created by the [appellant.]

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare[.]

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue[.]

* * *

3.      Given the testimony presented at the hearing, a careful review of the evidentiary record evidence offered in support of the requested variance relief, and with no substantive proof offered to the contrary, this Board finds that [CA] has established an entitlement to its requested variance relief.

4.      Particularly noteworthy, this Board concludes that [CA's] requested variance relief will not be adverse to the public health, safety, and welfare and is the minimum relief necessary to effect the [p]roposal.

R.R. at 5a-7a (emphasis added).

On June 17, 2019, Objectors appealed the Board's Formal Decision and Order to the trial court.[6] On February 11, 2020, following argument and without taking additional evidence, the trial court issued the instant order affirming the

---

[6] CA intervened in Objectors' appeal to the trial court.

Board's Formal Decision and Order and denying Objectors' appeal. Objectors then filed this appeal of the trial court's order.[7]

On appeal, Objectors allege, *inter alia*, that the trial court erred in not requiring the Board to issue its decision granting the variance with sufficient findings of fact and conclusions of law demonstrating that all of the requirements of Section 910.2 of the MPC are supported by substantial record evidence.[8] We agree.

---

[7] "Because the parties presented no additional evidence after the [b]oard's decision, our review is limited to determining whether the [b]oard committed an abuse of discretion or an error of law." *Taliaferro*, 873 A.2d at 811 n.1 *(citation omitted)*.

[8] Additionally, Section 908(9) of the MPC states, in relevant part:

> (9) The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board . . . . Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found.

53 P.S. §10908(9). As this Court has explained:

> Where an application for zoning relief is contested, the board's decision must be accompanied by findings of fact and conclusions, as well as the reasons for the findings. *See* Section 908(9) of the [MPC], 53 P.S. §10908(9). "[T]he [MPC] mandates that the [b]oard issue an opinion, as distinguished from its order or decision disposing of the matter, setting forth the essential findings of fact, conclusions of law, and sufficient rationale to demonstrate that its action was reasoned and not arbitrary." A zoning board's opinion is sufficient if it provides an adequate explanation of its resolution of the factual questions involved, and sets forth its reasoning in such a way as to show its decision was reasoned and not arbitrary.

*Taliaferro*, 873 A.2d at 816 *(citations and footnote omitted)*.

6

As this Court has previously observed in a similar circumstance:

> [The objector] contends that the [b]oard's adjudication is of no effect because the [b]oard failed to make the findings required by [the prior version of Section 912.1] of the [MPC] supporting the applicant's allegation that the provisions of the zoning ordinance inflict unnecessary hardship. The statute just cited provides that zoning hearing boards must in granting a variance make the following findings where relevant: (1) that there are unique physical circumstances or characteristics peculiar to the property in question causing the unnecessary hardship, (2) that because of such physical circumstances or conditions there is no possibility that the property can be developed in strict conformity with the ordinance and that the variance is necessary to enable a reasonable use of the property, (3) that the unnecessary hardship has not been created by the applicant, (4) that the variance will not alter the character of the neighborhood or other property, nor impair the use or development of adjacent land, (5) that the variance represents the minimum variance that will afford relief and the least modification possible of the regulation in issue. In *Lando v. Springettsbury Township Zoning Board of Adjustment*, [286 A.2d 924, 927 (Pa. Cmwlth. 1972)], we held that these findings are essential to the validity of grants of variance and that reviewing courts should remand adjudications in which they are not supplied.[9]

---

[9] Specifically, in *Lando*, 286 A.2d at 927 (citations omitted), we stated:

> Both Section 908(9) of the [MPC] and case law require that the [b]oard issue an opinion which sets forth the essential findings of fact and sufficient of the [b]oard's reasoning to show that its action was reasoned rather than arbitrary. In addition, [the prior version of Section 912.1 of the MPC] requires (at least by implication) specific findings in variance cases. Other recent decisions have adopted the course of remanding the case to the [b]oard for correction of the error if the [b]oard has not rendered a proper opinion.

*Independent Fire Company No. 1 v. Borough of South Williamsport Zoning Hearing Board*, 510 A.2d 410, 411 (Pa. Cmwlth. 1986). *See also Upper Saucon Township v. Zoning Hearing Board*, 583 A.2d 45, 48 (Pa. Cmwlth. 1990) ("Appellate courts cannot properly and efficiently exercise even a limited function of judicial review without the [b]oard's necessary findings of fact and conclusions of law together with reasons for its decision, even when the record contains complete testimony presented to the board. [*Lando*].").

In this regard, we have also explained:

Independently dispositive, the [zoning hearing board (ZHB)] has failed to address all five of the factors required by Section 910.2 of the MPC as a prerequisite to a grant of a variance. Section 910.2 plainly states, prior to listing the five factors, that "[the ZHB] may grant a variance, **provided that all of the following findings are made where relevant in a given case**." 53 P.S. § 10910.2 (emphasis added). In the entirety of its opinion, the ZHB clearly has not made findings in regard to a minimum of two of those factors, and possibly as many as four of those factors . . . . As such, again, effective appellate review of this matter is precluded. We note that nothing in the record to this matter indicates that any of Section 910.2's five factors would not be relevant in this case, under Section 910.2's plain language.

Accordingly, we vacate the [Common Pleas] Court's Decision, and remand this matter to [that court] with instructions for further remand to the ZHB for the sole and limited purpose of producing a decision that comports with the requirements of Section 910.2 of the MPC, and which enables effective appellate review thereof.

*Kennedy v. Zoning Hearing Board of Middletown Township* (Pa. Cmwlth., No. 863 C.D. 2009, filed January 8, 2010), slip op. at 7-8 (emphasis in original).[10]

As outlined above, in the Formal Decision and Order in this case, the Board merely made reference in its Findings of Fact and Conclusions of Law granting the Application that two of the five factors required by Section 910.2 have been satisfied by the evidence that was presented. *See* R.R. at 3a-7a. However, the Board neither considered nor addressed all of the required factors and did not present any rationale for its conclusion that any of Section 910.2's factors have been satisfied in this case. *See id.* Because the Board's Formal Decision and Order is so patently

---

[10] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent."). *See also Poole v. Zoning Board of Adjustment of the City of Philadelphia*, 10 A.3d 381, 386 (Pa. Cmwlth. 2010) (footnotes omitted), wherein we stated:

> While the [b]oard set forth in its findings a summary of [the developer's] proposed residential development plan, the [b]oard failed to provide any finding of fact that addresses any of the criteria supporting the decision to grant the foregoing three variances. The [b]oard did not provide any explanation for its reasoning. While the [b]oard's decision recognized the legal framework for granting variances, it did not make any factual findings or explain how those facts led it to determine that unnecessary hardship exists, that there is no public detriment, and that [the developer] sought the minimum variance required in order to obtain relief with respect to these three variance requests.
>
> Thus, a remand is necessary so that the [b]oard may address and make specific findings with respect to whether [the developer] established the requirements for the remaining three requested variances. Accordingly, the order of the [common pleas] court is vacated and the matter is remanded to th[at] court, with specific instructions to remand the matter to the [b]oard, for further findings consistent with this opinion.

deficient, the matter must be remanded so that the Board may issue a final decision and order, based on the record evidence already presented,[11] that complies with the requirements of the MPC and permits effective appellate review by this Court.[12]

Accordingly, the trial court's order is vacated, and the matter is remanded to that court for further remand to the Board to issue a final decision and order containing the necessary findings of fact and conclusions of law, as required by Sections 908(9) and 910.2 of the MPC, based on the record evidence already presented to the Board.[13]

MICHAEL H. WOJCIK, Judge

---

[11] *See, e.g.*, *Levy v. Senate of Pennsylvania*, 94 A.3d 436, 442 (Pa. Cmwlth. 2014) ("A remand does not permit a litigant a 'proverbial second bite at the apple.' *Emery Worldwide v. Unemployment* [*Compensation Board*] *of Review*, [540 A.2d 988, 990 (Pa. Cmwlth. 1988)].").

[12] *Compare Taliaferro*, 873 A.2d at 816, wherein we stated:

> Here, the [b]oard made specific findings and conclusions concerning the criteria required to grant the requested variance. In addition, the [b]oard included a discussion in which it explained its rationale for resolving evidentiary conflicts and credibility issues. This situation is markedly different from the situation in *Lando*[, 286 A.2d at 927] (zoning board failed to make findings of fact in support of its decision to deny a variance), upon which [o]bjectors rely. As a result, we reject [o]bjectors' argument that the [b]oard's findings and conclusions are inadequate.

[13] Based on our disposition of this issue, we will not reach the other allegations of error raised in this appeal.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of: Ian Campbell : 
and Jean Campbell from the : 
Decision Dated May 16, 2019 : 
of the Whitpain Township : No. 349 C.D. 2020
Zoning Hearing Board : 
 : 
Appeal of: Ian Campbell : 
and Jean Campbell : 

# **O R D E R**

AND NOW, this 13th day of April, 2021, the order of the Montgomery County Court of Common Pleas dated February 11, 2020, is VACATED, and the above-captioned matter is REMANDED to that court for further REMAND to the Whitpain Township Zoning Hearing Board for proceedings consistent with the foregoing opinion.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge