IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Craft Pittsburgh USA, Inc., | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1160 C.D. 2022 |
| | : | |
| Mt. Lebanon Planning Board | : | |
| and Friends of 50 Moffett Street, | : | |
| an unincorporated non-profit | : | |
| association, R. Kent Hornbrook, | : | |
| Dorothy Sherwood, Louis Iafrate, | : | |
| Gretchen Oxenreiter, individuals | : | Submitted: May 8, 2023 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                     FILED:  July 20, 2023

Appellant Craft Pittsburgh USA, Inc., (Craft) appeals from the Court of Common Pleas of Allegheny County's (Common Pleas) September 20, 2022 order. Through that order, Common Pleas affirmed Appellee Mt. Lebanon Planning Board's (Planning Board) February 16, 2022 decision (Decision),[1] in which the Planning Board denied Craft's application for approval of a preliminary land development plan (Application). After thorough review, we vacate Common Pleas' order and remand to the lower court, with instructions that it further remand this matter to the Planning Board for issuance of an amended decision regarding the Application.

---

[1] The Decision is dated February 15, 2022, but was not issued until the following day. *See* Decision at 1.

## I. Background

Craft's Application pertains to a 3.28-acre parcel of R-3 Low-Density Mixed Residential-zoned land located at 50 Moffett Street in Mt. Lebanon, Pennsylvania (Property). Decision at 1; Reproduced Record (R.R.) at 411a. Craft has an equitable interest in the Property by virtue of an agreement of sale that it entered into with the University of Pittsburgh Medical Center, the Property's current owner, at some point in the recent past. Decision at 1; R.R. at 11a, 1951a. On September 17, 2021, Craft filed an initial version of the Application with the Municipality of Mt. Lebanon (Municipality), followed by a revised version of the Application on November 24, 2021. R.R. at 8a-9a, 411a. As shown in the Application, Craft wishes to erect 9 residential buildings containing a total of 41 condominium-style townhouses. Decision at 1; R.R. at 411a. These townhouses would be arrayed in two rows, with three to six connected townhouse units per individual structure. Decision at 1. The two rows will be separated by an access route known as "Road A," which will facilitate vehicular access to the townhouses and will have a 22-foot-wide "cartway," a 29-foot-wide right-of-way, as well as a "hammerhead[-shaped] turnaround." Decision at 1-3.

The Planning Board subsequently considered the Application, as well as related evidence and testimony, at three separate public hearings. During the course of the final public hearing, which was held on February 15, 2022, the Planning Board voted unanimously, with one abstention, to adopt the Decision and thereby deny Craft's Application. R.R. at 1123a. In this Decision, the Planning Board provided a number of reasons for why it had chosen to deny the Application. First, Road A, as proposed, did not satisfy the width-related standards for streets that are imposed by Appendix V of the Municipality's subdivision and land development ordinance

(SALDO).[2] Decision at 2-4. Second, the condominium documents Craft had submitted in connection with the Application did not make reference to the sewer system that would connect to the townhouses, clarify that the system was private in nature, or explain that the condominium owners would be responsible for the system's upkeep; failed to mention the fact that parking would not be permitted on Road A; and contained covenants that "are not perpetual but are [instead] subject to change and termination." *Id.* at 4. The Planning Board also noted, in relation to its concerns regarding parking, that "fire and emergency services vehicles need Road A for access." *Id.* Third, the Application showed that the sewer system would run underneath Road A, but Craft had failed to demonstrate that it could not feasibly situate the system "under seeded or planted areas." *Id.* at 4-5. Fourth, the Application did not contain a plan that addressed how garbage would be stored or disposed of in the proposed development. *Id.* Finally, Craft had failed to address and resolve all of the Application's "open items" that the Municipality's municipal engineer had identified in his February 10, 2022 review letter. *Id.*; *see* R.R. at 1170a-85a (review letter).

In response, Craft appealed the Planning Board's denial of the Application to Common Pleas on March 16, 2022. Common Pleas took no additional evidence and, on September 20, 2022, affirmed that denial in full. This appeal to our Court followed shortly thereafter.

---

[2] Municipality of Mt. Lebanon Subdivision and Land Development Ordinance, *as amended*, Allegheny County, Pa. (2020).

## II. Discussion

Craft presents the following arguments for our consideration, which we have summarized and reordered as follows.[3] First, the Planning Board incorrectly determined that Road A would not qualify as a "private driveway" under the SALDO. Craft's Br. at 21-22. Second, even if the Planning Board correctly determined that Road A would constitute a private street, it nevertheless erred by using Appendix V's minimum width standards to deem that street to be legally inadequate, because those standards are only applicable regarding public streets. *Id.* at 22-23. Third, the Planning Board's factual findings regarding the adequacy of the condominium documents are not supported by substantial evidence, because those documents show that the development's condominium association will be responsible for maintaining and repairing the development's sewer system; make explicitly clear that fire and emergency services vehicles will have adequate access to all parts of the development, including Road A; and are in total compliance with the requirements imposed by the Uniform Condominium Act.[4] *Id.* at 24-26. Fourth, the Planning Board abused its discretion and erred as a matter of law by determining that the denial was warranted due to the absence in the Application of a garbage storage and disposal plan, as well as Craft's failure to show that it could not reasonably situate the development's sewer system underneath a seeded or planted

---

[3] Where a court of common pleas takes no additional evidence, our standard of review in the context of a land use appeal is limited to determining whether the local governing body that issued the challenged decision abused its discretion or committed an error of law. *Miravich v. Twp. of Exeter, Berks Cnty.,* 54 A.3d 106, 110 n.4 (Pa. Cmwlth. 2012). A local governing body abuses its discretion when it makes factual findings that are not supported by substantial evidence. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Rural Route Neighbors*, 960 A.2d 856, 860 n.4 (Pa. Cmwlth. 2008).

[4] 68 Pa. C.S. §§ 3101-3414.

4

area. To the contrary, the record evidence shows that garbage will be handled in compliance with both the condominium association's rules and the Municipality's ordinances, as well as that Craft thoroughly considered where to install the sewer system before determining that it should be placed underneath Road A. Furthermore, the Application's plans regarding garbage handling and the sewer system satisfy all of the SALDO's relevant objective requirements. *Id.* at 26-29. Fifth, the review letter's open items did not serve as a legally valid basis for denying the Application, because "many [of the municipal engineer's comments] are technical in nature or note requirements for third[-]party approvals or actions that would need to be satisfied leading into a final land development plan approval." *Id.* at 29-30. Finally, the Planning Board abused its discretion by denying the Application, because the denial is inconsistent with the Planning Board's recent approval of other, similar land development plans. *Id.* at 30-33.

The Pennsylvania Municipalities Planning Code (MPC)[5] sets forth the parameters for how local governmental entities shall handle an application for approval of a land development plan. Of relevance to this matter, Section 508(2) of the MPC establishes that "[w]hen [such an] application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon." 53 P.S. § 10508(2). "Where a subdivision plan complies with all objective provisions of the applicable subdivision ordinance as well as all other applicable regulations, the plan must be approved. . . . The rejection of a plan may stand, however, if validly supported by even one of several objections." *Herr v. Lancaster Cnty. Planning Comm'n*, 625 A.2d 164, 168-69 (Pa.

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

Cmwlth. 1993) (internal citation omitted). "[T]he unmet requirements must be objective in order to justify outright rejection of a plan. This means that the ordinance must contain standards by which compliance can be measured. . . . Similarly, . . . the unmet requirements must be substantive, not technical." *Robal Assocs., Inc. v. Bd. of Sup'rs of Charlestown Twp.*, 999 A.2d 630, 636 (Pa. Cmwlth. 2010) (internal citation omitted).

Unfortunately, our ability to reach the merits of Craft's arguments is fatally impeded by the Planning Board's failure to issue a sufficiently reasoned adjudication. In its Decision, the Planning Board initially stated that Road A must be classified as a driveway, because it would not meet "the [SALDO's] standards for a street." Decision at 2. The Planning Board came to this conclusion because Road A's dimensions would not satisfy certain street width requirements established by Appendix V of the SALDO, in that Road A's right-of-way will be less than 50 feet and its cartway will be less than 26 feet. *Id.* It is not, however, entirely clear why the Planning Board chose to use those distances when it determined that Road A would constitute a driveway. The SALDO contains specific definitions for "street, public" and "street, private," as well as separate definitions for three different kinds of public street (arterial, collector, and local); the precise minimum requirements referenced by the Planning Board expressly apply only to *local public* streets, but not to *private* streets (for which Appendix V provides no minimum design standards) or the other classes of public street (which are required to have even wider rights-of-way and cartways). *Id.* at 2-3; *see* SALDO, App. V (Minimum Street Design Standards). Thus, the Planning Board appears to have concluded that Road A was a driveway because it would not satisfy Appendix V's regulations for *public* streets, but did not see fit to explain its logic or

6

account for the fact that those regulations are silent regarding minimum widths for *private* streets.

As if the foregoing was not already confusing enough, the Planning Board then immediately contradicted itself. Inexplicably, it went on to declare that it "believes Road A needs to be a street based on the [SALDO's] definitions[,]" as well as that "[t]he number of individual houses and the length of Road A indicate it is a street, not a shared or common driveway." *Id.* at 3. This about-face was done in such a hasty manner that the Planning Board *did not bother to specify the street category in which Road A should be classified. See id.*

In sum, the Planning Board failed to clearly articulate its reasoning and conclusions regarding how Road A should be classified and, in doing so, has deprived us of the ability to accurately dispose of Craft's appeal. "Appellate courts cannot properly and efficiently exercise even a limited function of judicial review without [an administrative agency providing] necessary findings of fact and conclusions of law together with reasons for its decision, even when the record contains complete testimony presented to the [agency]." *Upper Saucon Twp. v. Zoning Hearing Bd. of Upper Saucon Twp.,* 583 A.2d 45, 48 (Pa. Cmwlth. 1990). Accordingly, the Planning Board must remedy this error by issuing a new, cogently articulated explanation for its disposition of Craft's Application.

## III. Conclusion

In keeping with the foregoing analysis, we vacate Common Pleas' September 20, 2022 order and remand this matter to the lower court. We instruct Common Pleas to further remand Craft's appeal to the Planning Board, with instructions that it issue

an amended decision containing sufficiently detailed and coherent findings of fact and conclusions of law.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craft Pittsburgh USA, Inc., : 
                 Appellant : 
                  : 
      v. : No. 1160 C.D. 2022
                  : 
Mt. Lebanon Planning Board : 
and Friends of 50 Moffett Street, : 
an unincorporated non-profit : 
association, R. Kent Hornbrook, : 
Dorothy Sherwood, Louis Iafrate, : 
Gretchen Oxenreiter, individuals : 

# **O R D E R**

AND NOW, this 20th day of July, 2023, it is hereby ORDERED that the Court of Common Pleas of Allegheny County's (Common Pleas) September 20, 2022 order is VACATED, as well as that this case is REMANDED to Common Pleas. It is FURTHER ORDERED that Common Pleas shall REMAND this matter to Appellee Mt. Lebanon Planning Board (Planning Board), with instructions that the Planning Board issue an amended decision regarding Appellant Craft Pittsburgh USA, Inc.'s application for approval of a preliminary land development plan that complies with the directives contained in the foregoing opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge